N. Maxwell Njelita (SBN 200772)
NJELITA LAW OFFICES
436 Fourteenth Street, Suite 1107
Oakland, California 94612
Telephone:    (510) 465-7500
Facsimile:    (510) 465-7501

Attorney for Defendant
LAURA SYLVIA MENDOZA-GOVAN

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> LAURA SYLVIA MENDOZA-GOVAN individually and d/b/a KIMBALL'S SPORTS BAR a/k/a KIMBALLS CARNIVAL, <br><br> Defendant. | Case No.  C10-05123 BZ <br><br> **ANSWER TO UNVERIFIED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

In answer to plaintiff's Complaint, defendant LAURA SYLVIA MENDOZA-GOVAN, an individual, on behalf of herself alone, admits, denies and alleges as follows:

**DEMAND FOR JURY TRIAL**

Defendant demands a trial by jury.

**GENERAL DENIAL**

This answering defendant generally and specifically denies each and every allegation contained in plaintiff's Complaint, and the whole thereof, and each and every alleged cause of action thereof, and denies that the Plaintiff sustained damages in the sum or sums alleged, or in

any sum, or at all, by reason of any act, conduct, violation, breach or omission on the part of this answering defendant.

## AFFIRMATIVE DEFENSES

By way of affirmative defenses, to all causes of action, defendant alleges:

### FIRST AFFIRMATIVE DEFENSE

As and for a first separate and affirmative defense to each and every cause of action in the Complaint, defendants allege that, even if arguendo the subject *Program* was indeed shown at defendant's establishment, the *Program* was not exhibited or shown to patrons, the public or on a non-private-use basis.

### SECOND AFFIRMATIVE DEFENSE

As and for a second separate and affirmative defense to each and every cause of action in the Complaint, defendant alleges that, at all pertinent times, plaintiff did not have an exclusive license for the *Program*.

### THIRD AFFIRMATIVE DEFENSE

As and for a third separate and affirmative defense to each and every cause of action in the Complaint, defendant is informed and believes and thereon alleges that the plaintiff lacks legal standing (contractual and statutory standing) to pursue claims for alleged exhibition of the Program or bring this Complaint and the claims asserted therein against defendant.

### FOURTH AFFIRMATIVE DEFENSE

As and for a third separate and affirmative defense to each and every cause of action in the Complaint, defendant alleges that if plaintiff suffered any loss or damages, as alleged in the Complaint, which defendant expressly denies, such losses and damages were proximately caused or contributed to by conduct not attributable to defendant; such losses or damages were caused by the conduct of plaintiff and others.

## FIFTH AFFIRMATIVE DEFENSE

As and for a fifth separate and affirmative defense to each and every cause of action in the Complaint, defendant alleges that she is not in violation of 47 USC §§ 605, et seq., 47 USC §§ 553, et seq. or California Business & Professions Code §§ 17200, et seq.

## SIXTH AFFIRMATIVE DEFENSE

As and for a sixth separate and affirmative defense to each and every cause of action in the Complaint, defendant alleges that she has not engaged in any piracy, use of pirate firmware, illegal descramblers or black boxes, or illegal interception, receipt, publication, display, exhibition, transmission, or divulgence of the *Program*, as alleged in the Complaint. And, defendant is not a broadcaster under 47 USC §§ 605, et seq. and 47 USC §§ 553, et seq.

## SEVENTH AFFIRMATIVE DEFENSE

As and for a seventh separate and affirmative defense to each and every cause of action in the Complaint, defendant alleges that plaintiff is not an aggrieved person as defined by 47 USC §§ 605, et seq. and 47 USC §§ 553, et seq.

## EIGHTH AFFIRMATIVE DEFENSE

As and for an eighth separate and affirmative defense to each and every cause of action in the Complaint, defendant is informed, believes and thereon alleges that facts will be obtained during discovery to show that plaintiff's claims are barred by the equitable doctrines of estoppel, waiver and laches.

## NINTH AFFIRMATIVE DEFENSE

As and for a ninth separate and affirmative defense to each and every cause of action in the Complaint, defendant is informed, believes and thereon alleges that facts will be obtained during discovery to show that plaintiff's claims (Counts I through IV in the Complaint) are barred by the applicable statutes of limitations under California law and federal law.

## TENTH AFFIRMATIVE DEFENSE

As and for a tenth separate and affirmative defense to each and every cause of action in the Complaint, defendant alleges that statutory exceptions under 47 USC §§ 605(a), 605(b), et seq., apply to bar plaintiff's claims against defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

As and for a eleventh separate and affirmative defense to each and every cause of action in the Complaint, defendant alleges that if it is determined that defendant indeed engaged in the alleged violative conduct, such conduct was neither willful nor for financial gain or commercial advantage; rather, any such conduct was for based on a single subscriber reception, for which defendant received no payments, was for private use, was innocent and was without intent to violate any laws, injure plaintiff or any other entity or gain commercial advantage over plaintiff or other entity or person.

## TWELFTH AFFIRMATIVE DEFENSE

As and for a twelfth separate and affirmative defense to each and every cause of action in the Complaint, defendant alleges that plaintiff fails to state facts sufficient to constitute a claim for relief against answering defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

As and for a thirteenth separate and affirmative defense to each and every cause of action in the Complaint, defendant alleges that in the event that the trier of fact determines that defendant violated any provisions of 47 USC §§ 605, et seq. and 47 USC §§ 553, et seq., defendant acted in a good faith belief in the propriety of her actions; and was not aware and had no reason to believe that her acts constituted a violation of these sections—warranting a reduction of any damages award against defendant. *47 USC §§ 553(c)(3)(C); 47 USC §§ 605(e)(3)(C)(II)(iii).*

FOURTEENTH AFFIRMATIVE DEFENSE

As and for a fourteenth separate and affirmative defense to each and every cause of action in the Complaint, defendant alleges that there are no legal, factual or equitable bases for an award of attorney's fees in plaintiff's favor and against defendant.

FIFTEENTH AFFIRMATIVE DEFENSE

As and for a fifteenth separate and affirmative defense to each and every cause of action in the Complaint, defendant alleges that service of process was insufficient, in that plaintiff did not serve the summons on defendant as required by applicable law. *FRCivP 4(e); California Code of Civil Procedure §§415.10 and 415.20.*

SIXTEENTH AFFIRMATIVE DEFENSE

As and for a sixteenth separate and affirmative defense to each and every cause of action in the Complaint, defendant alleges that plaintiff is subject to sanctions pursuant to Federal Rules of Civil Procedure, rule 11, because the complaint is unsupported by the facts or the law and is prosecuted merely as harassment. Furthermore, the Complaint was brought without reasonable care and without a good faith belief that there was a justifiable controversy under the facts and the law. Plaintiff is therefore liable to defendant, for all necessary and reasonable defense costs, including attorneys' fees, under *California Code of Civil Procedure, § 128.5.*

SEVENTEENTH AFFIRMATIVE DEFENSE

As and for a seventeenth separate and affirmative defense to each and every cause of action in the Complaint, defendant alleges that plaintiff cannot recover for conversion because, among other reasons, plaintiff did not own, possess or have a right to possess the *Program* (as defined by the Complaint); defendant did not intentionally take possession or use of the *Program*; and plaintiff was not damaged by any conduct of defendant. *Judicial Council of California Civil Jury Instructions (CACI) 2100.*

EIGHTEENTH AFFIRMATIVE DEFENSE

As and for an eighteenth separate and affirmative defense to each and every cause of action in the Complaint, defendant alleges that she has not engaged in any unfair business acts, conduct or practices; and has not received any profits, income, monetary gain or commercial advantage as a result of the alleged conduct. Furthermore, plaintiff's action is not a class suit and falls below the private-attorney-general-suit thresholds established by California law for recovery of attorney's fees under *California Business & Professions Code §§ 17200, et seq.* Consequently, plaintiff is not entitled to recovery of damages, disgorgement, restitution, injunctive relief, attorney's fees or costs under *California Business & Professions Code §§ 17200, et seq.*

NINETEENTH AFFIRMATIVE DEFENSE

As and for a nineteenth separate and affirmative defense to each and every cause of action in the Complaint, defendant alleges that the Court lacks personal jurisdiction over defendant, because of plaintiff's failure to properly serve the summons on defendant.

TWENTIETH AFFIRMATIVE DEFENSE

As and for a twentieth separate and affirmative defense to each and every cause of action in the Complaint, defendant alleges plaintiff cannot recover under both Count I and Count II of the Complaint, because it is practically impossible to have, in the alleged one occurrence) both a violation of the Cable law (*47 USCS §553*) and satellite law (*47 USCS § 605*) in one transaction. Plaintiff must elect its remedy.

TWENTY-FIRST AFFIRMATIVE DEFENSE
(Reservation of Rights)

As discovery has not yet been completed, defendant respectfully reserves her rights to amend, supplement or state additional affirmative defenses, if the factual bases for stating such additional defenses are obtained in discovery.

6
ANSWER TO COMPLAINT - Case No. C10-05123 BZ

**WHEREFORE** defendant prays for the following relief:

1. That plaintiff take nothing by its Complaint;

2. That a judgment of dismissal be entered in defendant's favor;

3. That defendant be awarded her attorney's fees pursuant to 47 USC§ 605(e)(3)(B)(iii) and 47 USC§ 553(c)(2)(C);

4. That defendant be awarded their costs; and

5. That defendant be granted such other and further relief as the Court may deem just and proper.

Dated: February 17, 2011        NJELITA LAW OFFICES

               By: *N. Maxwell Njelita*
                  N. MAXWELL NJELITA
                  Attorney for Defendant
                  LAURA SYLVIA MENDOZA-GOVAN

7

ANSWER TO COMPLAINT - Case No. C10-05123 BZ

## PROOF OF SERVICE

I, the undersigned, declare that I am employed in the County of Alameda, California. I am over the age of eighteen (18) years and not a party to the within cause. My business address is 436 Fourteenth Street, Suite 1107, Oakland, California 94612. I am readily familiar with this law firm's practice of collecting and processing of mail in the ordinary course of business

On February 17, 2011, I served the within:

**ANSWER TO UNVERIFIED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

By placing a true copy thereof enclosed in a sealed envelope, with postage thereon fully prepaid, in the United States mail at Oakland, California, addressed as shown below.

> Thomas P. Riley, Esq.
> Law Offices of Thomas P. Riley, P.C.
> First Library Square
> 1114 Fremont Avenue
> South Pasadena, California 91020-3227
> *Telephone: (626) 799-9797*
> *Facsimile: (626) 799-9795*
> Attorneys for Plaintiff J & J Sports Productions, Inc.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct and that his declaration was executed on the 17th day of February 2011 at Oakland, California.

> /s/ *N. Maxwell Njelita*
> N. Maxwell Njelita