Thomas P. Riley, SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square
1114 Fremont Ave.
South Pasadena, CA 91030

Tel:  626-799-9797
Fax:  626-799-9795
TPRLAW@att.net

Attorneys for Plaintiff
J & J Sports Productions, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> LAURA SYLVIA MENDOZA-GOVAN, individually and d/b/a KIMBALL'S SPORTS BAR a/k/a KIMBALLS CARNIVAL, <br><br> Defendant. | Case No.:  3:10-cv-05123-BZ <br><br> PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES; MEMORANDUM OF POINTS AND AUTHORITIES. <br><br> Date:   TO BE DETERMINED <br> Time:   TO BE DETERMINED <br> Court:  TO BE DETERMINED <br> Judge:  TO BE DETERMINED |

TO THE HONORABLE COURT, THE DEFENDANT AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that this matter may be heard in Courtroom G, 15th Floor, of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiff J & J Sports Productions, Inc., by and through counsel, will move this Court for an Order striking the affirmative defenses of Defendant Laura Sylvia Mendoza-Govan (hereinafter "Defendant") (Docket No. 6).

This Motion will be made on the grounds that Defendant's Affirmative Defenses are legally insufficient under the Federal Rules of Civil Procedure and applicable precedent.

1    The Motion will be based on this Notice of Motion, the Memorandum of Points and

2    Authorities served and filed herewith, and such further oral and documentary evidence or

3    argument as may be presented at the hearing on Plaintiff's Motion.

4

5    Dated:  March 10, 2011          /s/ *Thomas P. Riley*
                                      **LAW OFFICES OF THOMAS P. RILEY, P.C.**
6                                    By:  Thomas P. Riley
                                      Attorneys for Plaintiff
7                                    J & J Sports Productions, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**MEMORANDUM OF POINTS AND AUTHORITIES** .     .     .     .     .     3

**STATEMENT OF THE ISSUE** .     .     .     .     .     .     .     3

**STATEMENT OF FACTS** .     .     .     .     .     .     .     .     3

**ARGUMENT** .     .     .     .     .     .     .     .     .     4

I.     DEFENDANT FAILS TO SATISFY THE LEGAL STANDARD
       NECESSARY TO SUSTAIN ANY AFFIRMATIVE DEFENSE,
       THEREFORE, ALL OF DEFENDANT'S AFFIRMATIVE DEFENSES
       MUST BE STRICKEN.     .     .     .     .     .     .     4

A.     First Affirmative Defense (No Public Exhibition.     .     .     .     .     6

B.     Second Affirmative Defense (No Exclusive License).     .     .     .     .     7

C.     Third Affirmative Defense (Standing).     .     .     .     .     .     7

D.     Fourth Affirmative Defense (Fault Of Others).     .     .     .     .     8

E.     Fifth And Sixth Affirmative Defenses (Not In Violation).     .     .     .     8

F.     Seventh Affirmative Defense (Plaintiff Not Aggrieved).     .     .     .     8

G.     Eighth Affirmative Defense (Estoppel, Waiver And Laches).     .     .     9

H.     Ninth Affirmative Defense (Statutes Of Limitations).     .     .     .     11

I.     Tenth Affirmative Defense (Statutory Exemptions).     .     .     .     .     11

J.     Eleventh Affirmative Defense (No Intent)     .     .     .     .     .     12

K.     Twelfth Affirmative Defense (Failure To State A Claim).     .     .     .     12

L.     Thirteenth Affirmative Defense (Good Faith).     .     .     .     .     13

M.     Fourteenth Affirmative Defense (No Basis For Attorney's Fees).     .     .     14

N.     Fifteenth Affirmative Defense (Service Of Process).     .     .     .     14

O.     Sixteenth Affirmative Defense (Rule 11 Sanctions).     .     .     .     15

P.     Seventeenth Affirmative Defense (No Conversion).
       Eighteenth Affirmative Defense (No Unfair Business Practices).     .     .     15

Q.     Nineteenth Affirmative Defense (Personal Jurisdiction).     .     .     .     15

R.      Twentieth Affirmative Defense (No Recovery Under Sections 605 And 553).      .   15

S.      Twenty-First Affirmative Defense (Reservation Of Rights).      .      .      .   16

II.     PLAINTIFF WILL BE PREJUDICED IF THE AFFIRMATIVE DEFENSES
        ARE NOT STRICKEN.      .      .      .      .      .      .      .      .   16

**CONCLUSION**      .      .      .      .      .      .      .      .      .   17

1

# TABLE OF AUTHORITIES

2

**CASES**

3

Allen v. Wright,
     468 U.S. 737 (1984)  .     .    .    .    .    .    .    .    .    7

4

5

Barlow v. U.S.,
     32 U.S. 404 (1833)  .    .    .    .    .    .    .    .    .    13

6

7

Barnes v. AT & T Pension Benefit,
     718 F.Supp.2d 1167 (N.D.Cal. 2010).    .    .    .    .    .    . 4, 16

8

Bell Atlantic Corp. v. Twombly,
     550 U.S. 544 (2007).  .    .    .    .    .    .    .    .    4

9

10

Canadian St. Regis Band of Mohawk Indians ex rel. Francis v. New York,
     278 F.Supp.2d 313 (S.D.N.Y.2003)  .    .    .    .    .    .    17

11

12

Directv, Inc. v. Webb,
     545 F.3d 837 (9th Cir. 2008).  .    .    .    .    .    .    11

13

14

Directv Inc., v. Weikel,
     2005 WL 1243378 (D.N.J. May 25, 2005).    .    .    .    .    9

15

16

Doyle v. Illinois Central R. Co.,
     2008 WL 4838556 (E.D.Cal. Nov. 5, 2008)  .    .    .    .    .    15

17

EEOC v. Bay Ridge Toyota, Inc.,
     327 F.Supp.2d 167 (E.D.N.Y. 2004).  .    .    .    .    .    17

18

19

Fantasy, Inc. v. Fogerty,
     984 F.2d 1524 (9th Cir. 1993)  .    .    .    .    .    .    4

20

Federal Deposit Ins. Corp. v. Main Hurdman,
     655 F.Supp. 259 (E.D.Cal. 1987)  .    .    .    .    .    5, 7, 12

21

22

G & G Closed Circuit Events, LLC v. Nguyen,
     2010 WL 3749284 (N.D.Cal. Sept. 23, 2010)    .    .    .    passim

23

24

Hynix Semiconductor Inc. v. Rambus Inc.,
     2007 WL 4062845 (N.D.Cal. Nov. 15, 2007)    .    .    .    16

25

26

Integrated Sports Media v. Canseco,
     Case No. 2:10-cv-07392-RSWL-AJW (C.D.Cal. Feb. 23, 2011)    .    .    8

27

Italia Marittima, S.P.A. v. Seaside Transp. Services, LLC,
     2010 WL 3504834 (N.D.Cal. Sept. 7, 2010)  .    .    .    .    10

28

Italiani v. Metro-Goldwyn-Mayer Corp.,
     45 Cal.App.2d 464 (1941)   .   .   .   .   .   .   .   11

J & J Sports Productions, Inc. v. Coyne,
     2011 WL 227670 (N.D.Cal. Jan. 24, 2011)   .   .   .   .   .   6, 11-14

J & J Sport Productions, Inc., v. Lowe,
     Case No. 3:10-cv-04201-CRB (N.D.Cal. March 3, 2011)   .   .   .   .   6

J & J Sports Productions, Inc. v. Montanez,
     2010 WL 5279907 (E.D.Cal., Dec. 13, 2010).   .   .   .   .   passim

J & J Sports Productions, Inc. v. Soto,
     2010 WL 3911467 (S.D.Cal. Sept. 28, 2010).   .   .   .   .   passim

Jones v. Community Redevelopment Agency,
     733 F.2d 646 (9th Cir. 1984). .   .   .   .   .   .   .   .   5

Kling v. Hallmark Cards, Inc.,
     225 F.3d 1030 (9th Cir. 2000)   .   .   .   .   .   .   .10, 11

Pepsico, Inc. v. J.K. Distributors, Inc.,
     2007 WL 2852647 (C.D.Cal. Sept. 14, 2007)   .   .   .   .   . 5, 13

Qarbon.com Inc. v. eHelp Corp.,
     315 F.Supp.2d 1046 (N.D.Cal. 2004) .   .   .   .   .   .   .   9

Russell v. Todd,
     309 U.S. 280 (1940)   .   .   .   .   .   .   .   .   .   10

Securities & Exchange Comm'n v. Internet Solutions for Business, Inc.,
     509 F.3d 1161 (9th Cir. 2007)   .   .   .   .   .   .   14

Security People, Inc. v. Classic Woodworking, LLC,
     2005 WL 645592 (N.D.Cal. March 4, 2005) .   .   .   .   .   .   5

Solis v. Couturier,
     2009 WL 2022343 (E.D.Cal., July 8, 2009)   .   .   .   .   .   .   9

Solis v. Zenith Capital, LLC,
     2009 WL 1324051 (N.D. Cal. May 8, 2009) .   .   .   .   .   .   16

Wine Group, LLC v. L And R Wine Co.,
     2011 WL 130236 (E.D.Cal. Jan. 14, 2011)   .   .   .   .   .   .   4

Wyler Summit Partnership v. Turner Broadcasting System, Inc.,
     235 F.3d 1184 (9th Cir. 2000)   .   .   .   .   .   .   .   10

<u>Wyshak v. City Nat'l Bank,</u>
  607 F.2d 824 (9th Cir. 1979). .    .    .    .    .    .    .    .    .    . 5

**STATUTES AND RULES**

47 U.S.C. § 553.    .    .    .    .    .    .    .    .    .    passim

47 U.S.C. § 605.    .    .    .    .    .    .    .    .    .    passim

Fed. R. Civ. P. 8.    .    .    .    .    .    .    .    .    .    . 4, 16

Fed. R. Civ. P. 12.    .    .    .    .    .    .    .    .    .    passim

Fed. R. Evid. 201    .    .    .    .    .    .    .    .    .    . 6

Cal. Bus. & Prof. Code § 17200, <u>et seq.</u>    .    .    .    .    .    . 8, 10, 11

Cal. Code Civ. Proc. § 338    .    .    .    .    .    .    .    .    . 11

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF THE ISSUE

Whether any or all of the twenty-one affirmative defenses contained in the Defendant's Answer in response to Plaintiff's Complaint must be stricken.

## STATEMENT OF FACTS

Plaintiff J & J Sports Productions, Inc. (hereinafter "Plaintiff"), was granted the exclusive nationwide commercial distribution rights to *"Firepower" : Manny Pacquiao v. Miguel Cotto, WBO Welterweight Championship Fight Program,* telecast nationwide on Saturday, November 14, 2009 (hereinafter the "Program"). Complaint ¶ 9 (Docket No. 1). Plaintiff's distribution rights encompassed all undercard events as well as the main event. Id. Pursuant to the contract granting Plaintiff its distribution rights, Plaintiff entered into sub-licensing agreements with various commercial establishments to permit the public exhibition of the Program. Id. at ¶ 10. Without the authorization of Plaintiff, Defendant unlawfully intercepted and exhibited the Program at their commercial establishment located at 215 Washington Street, Oakland, California 94607. As a result of this, Plaintiff brought this action against Defendant for violations of 42 U.S.C. § 605, et seq. and 42 U.S.C. § 605, et seq., as well as violations of California law. See Complaint.

On February 17, 2011, Defendant filed an Answer denying the allegations raised by Plaintiff in its Complaint. See Answer (Docket No. 6); along with the Answer, Defendant also set forth twenty-one affirmative defenses. See id. Plaintiff now brings this Motion to Strike Defendant's affirmative defenses and reservation.

# ARGUMENT

I.  **DEFENDANT FAILS TO SATISFY THE LEGAL STANDARD NECESSARY TO SUSTAIN ANY AFFIRMATIVE DEFENSE, THEREFORE, ALL OF DEFENDANT'S AFFIRMATIVE DEFENSES MUST BE STRICKEN.**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The Ninth Circuit has defined "immaterial matter" as matter that "has no essential or important relationship to the claim for relief or the defenses being pleaded," and "impertinent matter" as "statements that do not pertain, and are not necessary, to the issues in question." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).  As discussed herein, each of the twenty-nine affirmative defenses set forth by Defendant are insufficient and thus should be stricken.

"In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense[.]"  Fed. R. Civ. P. 8(c)(1). The Federal Rules of Civil Procedure require, "a 'showing', rather than a blanket assertion, of entitlement to relief."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, n. 3 (2007).  Although the Ninth Circuit has not yet determined whether to apply the Twombly standard to affirmative defenses, this is the developing trend in the district courts. In Barnes v. AT & T Pension Benefit, 718 F.Supp.2d 1167, 1172 (N.D.Cal. 2010), the Northern District of California observed that, "the vast majority of courts presented with the issue have extended Twombly's heightened pleading standard to affirmative defenses," Id. at 1171, and found, "the reasoning of the courts that have applied the heightened pleading standard persuasive."  Id. at 1172; see also Wine Group, LLC v. L And R Wine Co., 2011 WL 130236, *2 (E.D.Cal. Jan. 14, 2011). In this case, some of the defenses propounded by Defendant are boilerplate recitations that provide no factual support linking them to the issues herein. See Answer at 2-6. (Those defenses that are "boilerplate" are 4, 8, 9, 12, 14, 15, 16, 19 and 21).  For this reason alone, these affirmative defenses should be stricken.

Next, even if the Twombly standard does not apply, the defenses are still insufficient under established Ninth Circuit precedent.  "Where an affirmative defense simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case, it

1   is insufficient and will not withstand a motion to strike." Pepsico, Inc. v. J.K. Distributors, Inc.,

2   2007 WL 2852647, *2 (C.D.Cal. Sept. 14, 2007) citing Jones v. Community Redevelopment

3   Agency, 733 F.2d 646, 649 (9th Cir.1984).  In this case, as noted above, several affirmative

4   defenses are boilerplate, devoid of facts and circumstances that link them to the instant case. See

5   Answer at 2-6.

6          An affirmative defense is also insufficient if it does not provide the plaintiff with "fair

7   notice" of the defense.  Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979).  While an

8   "extensive exposition of the underlying facts" is not necessary for an affirmative defense to

9   succeed, the Defendant must establish some connection between the defense and the case. See

10   Security People, Inc. v. Classic Woodworking, LLC, 2005 WL 645592, *2 (N.D.Cal. March 4,

11   2005).  Next, "[w]ith respect to substantive insufficiency, a motion to strike an affirmative

12   defense is proper when the defense is insufficient as a matter of law." Id. at *3.

13          Finally, several affirmative defenses should be stricken because they are not "affirmative

14   defenses" at all.  "Affirmative defenses plead matters extraneous to the plaintiff's prima facie

15   case, which deny plaintiff's right to recover, even if the allegations of the complaint are true."

16   Federal Deposit Ins. Corp. v. Main Hurdman, 655 F.Supp. 259, 262 (E.D.Cal. 1987), citing

17   Gomez v. Toledo, 446 U.S. 635, 640-41 (1980).  "In contrast, denials of the allegations in the

18   Complaint or allegations that the Plaintiff cannot prove the elements of his claims are not

19   affirmative defenses." G & G Closed Circuit Events, LLC v. Nguyen, 2010 WL 3749284, *2

20   (N.D.Cal. Sept. 23, 2010).  In J & J Sports Productions, Inc. v. Soto, 2010 WL 3911467 at *1

21   (S.D.Cal. Sept. 28, 2010), the district court struck several affirmative defenses that merely

22   denied an element of plaintiff's prima facie case without leave to amend.  In this regard,

23   affirmative defenses 1, 2, 4-7, 12, 14, 17, 18 and 20 are immaterial and redundant, and should be

24   stricken.

25

26

27

28

On March 3, 2011 the Honorable Charles R. Breyer of the Northern District struck all 21 affirmative defenses raised in the case of J & J Sport Productions, Inc., v. Lowe, Case No. 3:10-cv-04201-CRB (N.D.Cal. March 3, 2011) (Docket No. 29).  Of the 21 defenses stricken, only four were stricken without prejudice.  Id.[1]  While not identical, the affirmative defenses raised in Lowe have significant overlap with those filed herein. Counsel for the parties herein were also counsel for the parties in Lowe.[2]  As such, both parties are readily familiar with the affirmative defenses addressed in Lowe.  See Lowe, Case No. 3:10-cv-04201-CRB (Docket No. 13, Plaintiff's Motion to Strike). Plaintiff requests that the Court take judicial notice of the Lowe pleadings. Fed.R.Evid. 201(b).  Nonetheless, as the Lowe opinion itself does not address the specific defenses in detail, Plaintiff's arguments below are not dependent on Lowe.

In J & J Sports Productions, Inc. v. Montanez, 2010 WL 5279907 (E.D.Cal., Dec. 13, 2010), the Eastern District ruled upon a substantially similar motion and held that all fourteen of defendant's affirmative defenses should be stricken.  Similarly, in Soto, supra, the Southern District struck all of Defendant's affirmative defenses, many without leave to amend.  Of those defenses for which leave to amend was granted, the Soto Court cautioned that, "any amended answer must put forth sufficient legal defenses supported by specific factual allegations. Defendant's current pleadings fail to place [Plaintiff] on notice about the affirmative defenses at issue and Defendants should not waste the Court's or Plaintiff's time responding to further bare-bones allegations." Soto, 2010 WL 3911467 at *2; see also J & J Sports Productions, Inc. v. Coyne, 2011 WL 227670, *1 (N.D.Cal. Jan. 24, 2011) ("Defendants are cautioned not to re-assert affirmative defenses absent a legitimate basis in fact and law for doing so.").

A.    First Affirmative Defense (No Public Exhibition).[3]

In her first affirmative defense, Defendant states that if the Program was shown, it "was not exhibited or shown to patrons, the public or on a non-private use basis." Answer at 2. This is

---

[1] Those defenses stricken without prejudice were "estoppel, waiver and laches", "insufficient service of process", "personal jurisdiction" and "respondeat superior".  The latter defense is not raised herein.

[2] The Lowe decision was entered after Defendant filed her Answer herein.

[3] The individual affirmative defenses are addressed irrespective of the application of Twombly.

1   a denial of liability, not an affirmative defense. "Affirmative defenses plead matters extraneous

2   to the plaintiff's prima facie case, which deny plaintiff's right to recover, *even if the allegations*

3   *of the complaint are true*." Federal Deposit Ins. Corp., 655 F.Supp. at 262. Plaintiff alleges that

4   the Program was shown commercially. Complaint ¶ 12.  As such, this defense should be

5   stricken.

6   B.      Second Affirmative Defense (No Exclusive License).

7           Defendant's second affirmative defense is that "Plaintiff did not have an exclusive

8   license to the Program." Answer at 6. This also contradicts a factual allegation of the Complaint.

9   See Complaint ¶ 9.  For the reasons set forth in subsection A, supra, this defense should be

10  stricken.

11  C.      Third Affirmative Defense (Standing).

12          Defendant's third affirmative defense is that "plaintiff lacks legal standing (contractual

13  and statutory standing) to pursue claims for alleged exhibition of the Program or bring this

14  Complaint . . . ." Answer at 2.  This defense fails as a matter of law.  For a Plaintiff to have

15  standing, the alleged injury must be "fairly traceable to the defendant's allegedly unlawful

16  conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737, 751

17  (1984).  With respect to "legal standing", Plaintiff "was granted the exclusive nationwide

18  commercial distribution rights" to the Program.  Complaint at ¶ 9.  Plaintiff alone granted

19  entities limited sublicensing rights of public exhibition. Id. at ¶ 10.  Defendant was not a sub-

20  licensee, yet Defendant disseminated the Program at her commercial establishment for

21  "commercial advantage or private financial gain," id. at ¶ 13, to the financial detriment of the

22  distributor Plaintiff.  Defendant's conduct is not only "fairly traceable" to the injury, it is

23  *specifically* traceable to the injury. In Nguyen, 2010 WL 3749284 at *4, the district court

24  rejected a similar standing defense as being insufficient as a matter of law.  There are no

25  contractual claims.

26          This defense also fails procedurally because it does not provide fair notice.  In Montanez,

27  the district court cited to Nguyen and added that the standing defense was also stricken because

28  it was a "mere conclusion of law . . . not supported by any facts showing how Plaintiff lacks

1    standing, given the allegations of the Complaint." <u>Montanez</u>, 2010 WL 5279907 at *2. The

2    defense herein is also a mere conclusion of law. For all of the above reasons, Defendant's third

3    affirmative defense should be stricken.

4    D.    **Fourth Affirmative Defense (Fault Of Others).**

5         Defendant's fourth affirmative defense is that the damages suffered by Plaintiff, if any,

6    "were proximately caused or contributed to by conduct not attributable to defendant; such losses

7    or damages were caused by the conduct of plaintiff and others." <u>Answer</u> at 2. This is not an

8    "affirmative defense," but merely a denial of an element of Plaintiff's cause of action. <u>Nguyen</u>,

9    2010 WL 3749284 at *5 (striking similar defense); <u>see</u> <u>Integrated Sports Media v. Canseco</u>, Case

10   No. 2:10-cv-07392-RSWL-AJW (C.D.Cal. Feb. 23, 2011) (Docket No. 15) (striking actions of

11   third parties defense with prejudice). In addition, Defendant does not indicate who the purported

12   "other persons or entities" might be and, in this regard, Defendant does not provided Plaintiff

13   with "fair notice" of the defense. <u>See</u> <u>Nguyen</u>, 2010 WL 3749284 at *2.

14   E.    **Fifth And Sixth Affirmative Defense (Not In Violation).**

15        Defendant's fifth affirmative defense generally denies that Defendant is liable under

16   sections 605 and/or 553 and under California Business and Professions Code § 17200. <u>Answer</u>

17   at 3. Defendant's sixth affirmative defense more specifically denies liability under sections 605

18   and/or 553. <u>Id.</u> These are not affirmative defenses, they are simple denials. <u>Nguyen</u>, 2010 WL

19   3749284 at *2.

20   F.    **Seventh Affirmative Defense (Plaintiff Not Aggrieved).**

21        Defendant's seventh affirmative defense is "that plaintiff is not an aggrieved person as

22   defined by 47 USC §§ 605, et seq. and 47 USC §§ 553." <u>Answer</u> at 3. This is not an affirmative

23   defense; an affirmative defense denies a plaintiff's right to recover "*even if the allegations of the*

24   *complaint are true*." <u>Federal Deposit Ins. Corp.</u>, 655 F.Supp. at 262 (emphasis added).

25   Moreover, even if this defense somehow were applicable, Plaintiff is, by definition, a party

26   aggrieved and thus this defense must fail as a matter of law. <u>See</u> 47 U.S.C. § 605(d) ("[T]he term

27   "any person aggrieved" shall include any person with proprietary rights in the intercepted

28   communication."). For these reasons, this affirmative defense should be stricken.

G.      Eighth Affirmative Defense (Estoppel, Waiver And Laches).

Defendant's eighth affirmative defense is a statement that "facts will be obtained during discovery to show that plaintiff's claims are barred by the equitable doctrines of estoppel, waiver and laches." Answer at 3. This is no more than a bare-bones reference to legal doctrines.  As such, this defense is insufficient in that it does not provide fair notice. Qarbon.com Inc. v. eHelp Corp., 315 F.Supp.2d 1046, 1049 (N.D.Cal. 2004) ("A reference to a doctrine, like a reference to statutory provisions, is insufficient notice").  In both Nguyen and Montanez, similar bare-bones defenses were stricken.  See Nguyen, 2010 WL 3749284 at *2 (striking waiver and estoppel defenses); Montanez, 2010 WL 5279907 at *3 (striking estoppel defense for failing "to specify which theory of estoppel is being asserted, and [being] wholly insufficient to provide Plaintiff with adequate notice of the facts supporting the defense.").[4]

To establish a defense of estoppel, "a party [here, Defendant] must show that the adverse party [here, Plaintiff], either intentionally or under circumstances that induced reliance, engaged in conduct upon which [the relying party] relied and that the relying party acted or changed [its] position to [its] detriment." Directv Inc., v. Weikel, 2005 WL 1243378, *3 (D.N.J. May 25, 2005).  Defendant has not alleged any "conduct" on behalf of the Plaintiff that in any way induced a change in Defendant's position, or that any change in position induced by the Plaintiff was to the Defendant's detriment.  As such, this affirmative defense should be stricken as legally insufficient.  Id.; see also Solis v. Couturier, 2009 WL 2022343 at *6 (defendants did not allege any facts that would support an estoppel defense, but rather merely pleaded a legal conclusion).

Waiver is an "intentional relinquishment or abandonment of a known right." United States v. Perez, 116 F.3d 840, 845 (9th Cir. 1997).  In Montanez, the district court struck a waiver defense because, "there [was] no indication anywhere in Defendant's pleadings that Plaintiff engaged in activity that might constitute . . . a waiver of known rights."  A similar situation exists in this case.  See Montanez, supra, at *3.

---

[4] A similar defense was stricken in Lowe; the only distinction is that in this case Defendant adds that "facts will be obtained during discovery." The Lowe Court struck this defense without prejudice.

Laches is an equitable doctrine that applies only to actions in equity.  Wyler Summit
Partnership v. Turner Broadcasting System, Inc., 235 F.3d 1184, 1193 (9th Cir. 2000) ("[u]nder
California law, laches is available as a defense only to claims sounding in equity, not to claims at
law."). In this regard, the only practical application for the laches defense is to Plaintiff's Unfair
Business Practices Claim.[5]  To establish a claim for laches, Defendant must prove unreasonable
delay and prejudice.  Kling v. Hallmark Cards, Inc., 225 F.3d 1030, 1036 (9th Cir. 2000).

In determining whether there has been and unreasonable delay, "courts often 'borrow'
the limitations period from the most closely analogous action under state law . . . . If the action is
filed within the analogous period, there is a 'strong presumption' that laches does not apply."
Italia Marittima, S.P.A. v. Seaside Transp. Services, LLC, 2010 WL 3504834, *6 (N.D.Cal.
Sept. 7, 2010) (internal citations omitted).  The statute of limitations for an action under the
Unfair Business Practices Statutes is four years. Cal. Bus & Prof. Code § 17208.[6] If there is a
"strong presumption" that a claim filed within an analogous statute of limitations is timely, when
the claim is filed *three years* prior to the expiration of that statute the presumption goes from
"strong" to "irrefutable."  Perhaps there could be an argument for "unreasonable delay" if
Plaintiff brought its action at the three year and 364 day mark, but Plaintiff brought its action
within *one year* – a full three years earlier than required under section 17208. See Statement of
Facts, supra.

Next, even if the "timeliness" of Plaintiff's Unfair Business Practices claim were an
issue, this is only part of the laches analysis. As noted above, Defendant must prove not only an
unreasonable delay, but also prejudice to herself.  See Kling, 225 F.3d at 1036 (9th Cir. 2000).
As a practical matter, Plaintiff can think of no situation in which there is bona fide prejudice

---

[5] Even if laches did apply to the other claims, they are also brought within their respective statutes of limitations.
See Subsection H, infra.

[6] In view of the fact that the Unfair Business Practices claim has its own statute of limitations, there is a question as
to whether laches is applicable at all.  See Russell v. Todd, 309 U.S. 280, 287 (1940) ("From the beginning, equity,
*in the absence* of any statute of limitations made applicable to equity suits, has provided its own rule of limitations
through the doctrine of laches, the principle that equity will not aid a plaintiff whose unexcused delay, if the suit
were allowed, would be prejudicial to the defendant.") (emphasis added).

1    when a Complaint is brought three years prior to the expiration of a corresponding statute of

2    limitations.  If prejudice could be established at the 1/4 mark of a statute of limitations, it would

3    effectively nullify the statute of limitations.

4            For all of these reasons, Defendant's eighth affirmative defense should be stricken.

5    H.      Ninth Affirmative Defense (Statutes Of Limitations).

6            Defendant's ninth affirmative defense is that Plaintiff's claims are barred by the statutes

7    of limitations. Answer at 3. Notwithstanding the procedural deficiencies with this defense, this

8    defense must fail because it cannot succeed on the merits and thus is legally insufficient. The

9    statute of limitations for 47 U.S.C. §§ 553 and 605 claims is one year.  Directv, Inc. v. Webb,

10   545 F.3d 837, 847-48 (9th Cir. 2008).  The statute of limitations for conversion is three years.

11   See Cal. Code Civ. Proc. § 338(c) (setting statute for conversion at three years).[7]  The statute of

12   limitations for a section 17200 claim is four years. Cal. Bus. & Prof. Code § 17208. As noted in

13   the Statement of Facts, supra, the Program was broadcast on November 14, 2009.  Plaintiff filed

14   its Complaint on November 12, 2010, see Complaint, which is within each applicable statute of

15   limitations. Under no set of circumstances can Defendant's affirmative defense of the statute of

16   limitations succeed, and therefore it must be stricken.  Soto, 2010 WL 3911467 at *1; Coyne,

17   2011 WL 227670 at*2 (both striking statute of limitations defense without leave to amend).

18   I.      Tenth Affirmative Defense (Statutory Exemptions).

19           Defendant's tenth affirmative defense is that "statutory exceptions under 47 U.S.C. §§

20   605(a), 605(b), et seq., apply to bar plaintiff's claims against defendant."  Answer at 4. 47 U.S.C.

21   § 605 provides:

22           (b) Exceptions

23           The provisions of subsection (a) of this section shall not apply to the interception
24           or receipt by any individual, or the assisting (including the manufacture or sale) of
             such interception or receipt, of any satellite cable programming for private
25

26   _____
     [7] Although not specifically applied to this type of conversion, in Italiani v. Metro-Goldwyn-Mayer Corp., 45
27   Cal.App.2d 464, 467 (1941), the court applied a two year statute of limitations to "incorporeal" property rights.  As
     discussed infra, because the Complaint was filed within one year of the broadcast of the Program, whether the
28   statute of limitations for conversion is two or three years, Plaintiff's Complaint is timely.

viewing if—[(1) the programming involved is not encrypted;  and (2)(A) a marketing system is not established . . . ].

Id.  First, Defendant offers no facts in support of her assertion that her actions fall within an exception.  Moreover, by definition, the exceptions apply only to private viewing.  Id.  As noted by the Nguyen Court in striking similar defense, "[t]he Communications Act explicitly defines 'private viewing' as viewing that takes place 'in an individual's dwelling unit.'" Nguyen, 2010 WL 3749284 at *4, quoting 47 U.S.C. § 605(d)(4). Plaintiff alleges that the interception occurred in a commercial establishment. Complaint ¶ 12. For purposes of determining the validity of an affirmative defense, this allegation is taken as true. Federal Deposit Ins. Corp., 655 F.Supp. at 262.  Therefore, this defense must fail.  To the extent Defendant may contend that the viewing took place in a "dwelling unit", this is simply a defense, not an "affirmative defense."  For these reasons, Defendant's tenth affirmative defense should be stricken.

J.      Eleventh Affirmative Defense (No Intent).

Defendant's eleventh affirmative defense is that if Defendant's conduct did violate any laws:

such conduct was neither willful nor for financial gain or commercial advantage; rather, any such conduct was for based on a single subscriber reception, for which defendants received no payments, was for private use, was innocent and was without intent to violate any laws, injure plaintiff or any other entity or gain commercial advantage over plaintiff or other entity or person.

Answer at 4.  This defense is effectively a reiteration of the "good faith" defense.  For the reasons set forth in subsection L, infra, this defense should be stricken. With respect to the contention that the interception was for "private use", as noted in subsection I, supra, this is irrelevant.

K.      Twelfth Affirmative Defense (Failure To State A Claim).

Defendant's twelfth affirmative defense is that ""plaintiff fails to state facts sufficient to constitute a claim for relief against answering defendant." Answer at 4. "Failure to state a claim is an assertion of a defect in Plaintiff's prima facie case, not an affirmative defense." Montanez, 2010 WL 5279907 at *2. Montanez, Nguyen, Soto and Coyne all struck a similar defense as being merely a denial of Plaintiff's cause of action. Montanez, supra; Nguyen, 2010 WL 3749284 at *5; Soto, 2010 WL 3911467 at *1; Coyne, 2011 WL 227670 at *2.

1    In addition, as noted in Pepsico, Inc., 2007 WL 2852647, a legal conclusion or theory

2    without supporting facts linking that theory to the case at bar "will not withstand a motion to

3    strike." Id. at *2 (emphasis added).  Defendant makes no effort to provide supporting facts

4    linking this defense to any of the causes of action in Plaintiff's Complaint.

5    For these reasons, Defendant's twelfth affirmative defense should be stricken.

6    L.    Thirteenth Affirmative Defense (Good Faith).

7    Defendant' thirteenth affirmative defense is a contention that if Defendant did violate 47

8    U.S.C. §§ 605 or 553, she did so "in a good faith belief in the propriety of her actions [] and

9    were not aware and had no reason to believe that their acts constituted a violation of these

10   sections." Answer at 4.  In effect, Defendant raises "ignorance of the law" as a defense.  It is

11   well settled that ignorance of well settled law, even if couched in terms of good faith,  is not a

12   defense to liability.

13
14   *It is a common maxim, familiar to all minds, that ignorance of the law will not*
     *excuse any person, either civilly or criminally*; and it results from the extreme
15   difficulty of ascertaining what is, bona fide, the interpretation of the party; and
     the extreme danger of allowing such excuses to be set up for illegal acts, to the
16   detriment of the public. There is scarcely any law, which does not admit of
     some ingenious doubt; and there would be perpetual temptations to violations
17   of the laws, if men were not put upon extreme vigilance to avoid them.

18   Barlow v. U.S., 32 U.S. 404, 433 (1833) (emphasis added).  Moreover, with respect to the

19   allegations under 47 U.S.C. §§ 605 and 553, these are strict liability crimes.  See 47 U.S.C.A. §

20   553(c)(3)(C); 47 U.S.C.A. § 605(e)(3)(C)(iii)(allowing for reduction in damages when it is

21   determined that violator was "not aware and had no reason to believe that his acts constituted a

22   violation . . .").[8]  In Soto the court struck a similar defense without leave to amend, holding that, "[a]

23   mistake of law does not excuse a person from civil liability . . . Thus, even if Defendants can show

24   they did not know they were violating the law, their liability is not excused."  Soto, 2010 WL

25
26   ───────────────
     [8]Defendant also cites to these sections in this defense, and request that damages be reduced pursuant thereto.  The
27   statutes speak for themselves, and, if it is determined that Defendant was unaware of  her violations, the Court has
     discretion to reduce damages.  For purposes of determining the validity of the affirmative defense, however, this
28   statement is irrelevant.  At this stage, allegations of the Complaint are taken as true, Federal Deposit Ins. Corp., 655
     F.Supp. at 262, and Plaintiff has alleged that Defendant acted knowingly.  Complaint ¶ 13.

1    3911467 at *2.

2    M.    Fourteenth Affirmative Defense (No Basis For Attorney's Fees).

3          Defendant's fourteenth affirmative defense is that, "there are no legal, factual or

4    equitable bases for an award of attorneys' fees . . . ." Answer at 5. This is not an "affirmative

5    defense", but a denial of Plaintiff's right to recover.  See Coyne, 2011 WL 227670 at *2 (striking

6    defenses that denied elements of Plaintiff's causes of action with prejudice). As a matter of law,

7    should Plaintiff prevail on either its section 553 or section 605 claim it would be entitled to

8    attorneys' fees.  See 47 U.S.C. § 553(c)(2)(C) (permitting an award of attorneys' fees); 47

9    U.S.C. §605(e)(3)(B)(iii)(mandating an award of attorneys' fees).  For this reason, Defendant's

10   fourteenth affirmative defense should be stricken.

11   N.    Fifteenth Affirmative Defense (Service Of Process).

12         Defendant's fifteenth affirmative defense is that, "service of process was insufficient, in

13   that plaintiff did not serve the summons on these answering defendants as required by applicable

14   law." Answer at 6. In Nguyen, 2010 WL 3749284 at *2, a similar bare-bones defense was

15   stricken as insufficiently pled. [9]  Moreover, this defense fails as a matter of law.  Defendant was

16   properly served via substitute service on January 14, 2011.  See Proof of Service (Docket Nos.

17   5).  As noted by the Ninth Circuit, "A signed return of service constitutes prima facie evidence

18   of valid service which can be overcome only by strong and convincing evidence."  Securities &

19   Exchange Comm'n v. Internet Solutions for Business, Inc., 509 F.3d 1161, 1166 (9th Cir. 2007)

20   (citations/quotations omitted).  The burden of overcoming this is a "substantial one."  Id.  In this

21   case, there are no facts presented by Defendant to indicate that this substantial burden may be

22   overcome.

23

24

25

26

_____

27   [9] In Lowe this defense was stricken without prejudice. The only difference in this case is that Defendant adds
     statutory citations after stating that she was not served "as required by applicable law." Answer at 5. There is still no
28   factual information.

O.    Sixteenth Affirmative Defense (Rule 11 Sanctions).

Defendant's sixteenth affirmative defense is not a defense; rather, it is a statement indicating that Defendant will take some future action against the Plaintiff (including seeking Rule 11 sanctions). Answer at 5.[10] Although it appears obvious, it is worth stating that, "[a]n affirmative defense is a **defense**, not a claim for affirmative relief." Doyle v. Illinois Central R. Co., 2008 WL 4838556, *3 (E.D.Cal. Nov. 5, 2008) (emphasis in original). Defendant's sixteenth affirmative defense is a claim for affirmative relief and thus should be stricken.

To the extent that this Court is inclined to consider this affirmative defense as a counterclaim, it is specifically denied by Plaintiff and Plaintiff would request that this Court direct Defendant to file any counterclaims as required under the Federal Rules of Civil Procedure such that Plaintiff may formulate an appropriate response.

P.    Seventeenth Affirmative Defense (No Conversion).

Eighteenth Affirmative Defense (No Unfair Business Practices).

Defendant's seventeenth and eighteenth affirmative defenses are denials of the elements of conversion and of the elements of an unfair business practices claim. "[D]enials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses." Nguyen, 2010 WL 3749284 at *2. For this reason, these defenses should be stricken.

Q.    Nineteenth Affirmative Defense (Personal Jurisdiction).

Defendant's nineteenth affirmative defense is "that the Court lacks personal jurisdiction over defendant, because of plaintiff's failure to properly serve the summons on defendant." Answer at 6. For these reasons set forth in subsection N, supra, this defense should be stricken.

R.    Twentieth Affirmative Defense (No Recovery Under Sections 605 And 553).

Defendant's twentieth affirmative defense states that "plaintiff cannot recover under both Count I and Count II of the Complaint, because it is practically impossible to have, in the alleged

---

[10] As a practical matter, this is also an inappropriate method of raising a Rule 11 claim. A Rule 11 motion must be made separately from any other motion. Fed.R.Civ.P. 11(b)(2). This is the "safe harbor" provision of Rule 11, and the requirements of this provision are "stringent." Holgate v. Baldwin, 425 F.3d 671, 677-78 (9th Cir. 2005).

one occurrence) both a violation of the Cable law (47 USCS §553) and satellite law (47 USCS § 605) in one transaction. Plaintiff must elect its remedy." Answer at 6. This is not an affirmative defense, but merely a denial of Plaintiff's right to recover. Moreover, even assuming *arguendo* that Defendant's legal contention is correct, as a practical matter this is an argument that Plaintiff has failed to state a claim upon which relief may be granted.  In that regard, for the reasons set forth in subsections K, supra, this defense should be stricken.  Finally, this defense is misplaced as the Federal Rules specifically allow Plaintiff to permit alternative theories of relief, regardless of consistency.  Fed.R.Civ.P. 8(a)(3); Fed.R.Civ.P. 8(d)(3).

U.     Twenty-First Affirmative Defense (Reservation Of Rights).

Defendant's twenty-first affirmative defense is a reservation of rights to raise additional defenses.  Answer at 6.  "An attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself."  See Solis v. Zenith Capital, LLC, 2009 WL 1324051, *7 (N.D. Cal. May 8, 2009).  "Instead, if at some later date Defendant seek to add affirmative defenses, they must comply with Rule 15 of the Federal Rules of Civil Procedure [amended or supplemental pleadings]."  Id.   In Soto, a similar reservation was stricken without leave to amend.  Soto, 2010 WL 3911467 at *2.  As a result, this affirmative defense should be stricken.

II.     PLAINTIFF WILL BE PREJUDICED IF THE AFFIRMATIVE DEFENSES ARE NOT STRICKEN.

Plaintiff has already been compelled to expend time and resources litigating irrelevant issues. It is respectfully submitted that requiring such further litigation would further prejudice Plaintiff. See Barnes, 718 F.Supp.2d at 1173 (Prejudice exists because, "[i]f the court were to permit legally unsustainable affirmative defenses to survive, [Plaintiff] would be required to conduct expensive and potentially unnecessary and irrelevant discovery"); Hynix Semiconductor Inc. v. Rambus Inc., 2007 WL 4062845, *3 (N.D.Cal. Nov. 15, 2007) ("To the extent that 'prejudice' to the movant is required for a motion to strike, being forced to litigate without fair notice of the claims and defenses arrayed against you constitutes 'prejudice.'").

"The prejudice requirement is satisfied if striking the defense would, for example, prevent a party from engaging in burdensome discovery, or otherwise expending time and

resources litigating irrelevant issues that will not affect the case's outcome." <u>Canadian St. Regis Band of Mohawk Indians ex rel. Francis v. New York</u>, 278 F.Supp.2d 313, 325 (S.D.N.Y.2003); <u>see also</u> <u>EEOC v. Bay Ridge Toyota, Inc.</u>, 327 F.Supp.2d 167, 173 (E.D.N.Y. 2004) (permitting affirmative defenses that have no possibility of succeeding will prejudice the Plaintiff by "needlessly lengthening and complicating the discovery process and trial of this matter.").

<u>**CONCLUSION**</u>

Defendant's affirmative defenses are factually and legally insufficient under the Federal Rules of Civil Procedure as well as applicable precedent.  In that regard, each of Defendant's affirmative defenses should be stricken.  Therefore, Plaintiff respectfully requests that this Court grant Plaintiff's Motion to Strike Defendant's Affirmative Defenses, and award such other relief as may be just and proper.

Respectfully submitted,

/s/  *Thomas P. Riley*

Dated:  March 10, 2011        **LAW OFFICES OF THOMAS P. RILEY, P.C.**
By:  Thomas P. Riley
Attorneys for Plaintiff
J & J Sports Productions, Inc.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **PROOF OF SERVICE**

I declare that:

I am employed in the County of Los Angeles, California.  I am over the age of eighteen years and not a party to the within cause; my business address is First Library Square, 1114 Fremont Avenue, South Pasadena, California 91030.  I am readily familiar with this law firm's practice for collection and processing of correspondence/documents for mail in the ordinary course of business.

On March 10, 2011, I served:

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES; MEMORANDUM OF POINTS AND AUTHORITIES.

On all parties referenced by enclosing a true copy thereof in a sealed envelope with postage prepaid and following ordinary business practices, said envelope was duly mailed and addressed to:

N. Maxwell Njelita, Esq.
NJELITA LAW OFFICES
436 Fourteenth Street, Suite 1107
Oakland, California 94612

I declare under the penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct and that this declaration was executed on March 10, 2011, at South Pasadena, California.

Dated:  March 10, 2011                           /s/ *Maria Baird*_____
                                                              MARIA BAIRD