Thomas P. Riley (SBN 194706)
**LAW OFFICES OF THOMAS P. RILEY, P.C.**
First Library Square
1114 Fremont Avenue
South Pasadena CA 91030
Telephone No.: (626) 799-9797
Facsimile No.:  (626) 799-9795
*TPRLAW@att.net*
**Attorneys for Plaintiff**
**J & J Sports Productions, Inc.**

N. Maxwell Njelita (SBN 200772)
**NJELITA LAW OFFICES**
436 Fourteenth Street, Suite 1107
Oakland, CA 94612
Telephone No.: (510) 465-7500
Facsimile No.:  (510) 465-7501
*mnjelita@nmnlaw.com*
**Attorneys for Defendants**
**Ovella Ivey Lowe, Fred Andy Ivey**
**and AFI Marketing, Inc.**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | CASE NO. c 10-05123 WHA |
| Plaintiff, | JOINT CASE MANAGEMENT STATEMENT |
| v. | FOR:   Honorable William Alsup |
| | DATE: Thursday, March 31, 2011 |
| | TIME: 11:00 a.m. |
| LAURA SYLVIA MENDOZA-GOVAN | CRTM: 9, 19th Floor |
| Defendant. | |

Pursuant to this Court's Civil Local Rules, and standing order of Honorable William Alsup, the Parties hereby submit this Joint Case Management Statement and make the following representations and recommendations to this Honorable Court.

**WHEREFORE**, the Parties by and through their counsel, make the following representations and recommendations:

### 1. Brief Description of Events Underlying the Action.

Plaintiff J & J Sports Productions, Inc., claims that the Defendant Laura Sylvia Mendoza-Govan, individually and d/b/a Kimball's Sports Bar a/k/a Kimball's Carnival, an unknown business entity, unlawfully exhibited its proprietary boxing program of November 14, 2009 entitled *"Firepower": Manny Pacquiao v. Miguel Cotto, WBO Welterweight Program* (hereinafter "*Program*") at Defendant's commercial place of business Kimball's Sports Bar a/k/a Kimball's Carnival located at 215 Washington Street in Oakland, California.

Defendant denies exhibition of the Program or any liability for the alleged exhibition of the *Program*. Defendant further denies that Plaintiff is an aggrieved person (as defined by law), has an exclusive license, proprietary right in the Program or standing (statutory or contractual) to pursue claims for the alleged exhibition of the *Program*. Defendant also contends that plaintiff cannot recover both under Count I and Count II of the Complaint; Plaintiff must elect which of those two counts it seeks relief under.

### 2. Damages and Other Relief

Plaintiff seeks statutory damages, actual damages, attorneys' fees and costs against Defendant. The computations of Plaintiff's damages prayed for in the complaint filed in this action are, as follows:

| | | |
|---|---|---|
| a. | 47 U.S.C. 605 (e)(3)(B)(iii) and (c)(ii): | $ 110,000.00 |
| b. | 47 U.S.C. 553 (b)(2) and (c)(2)(c): | $ 60,000.00 |
| c. | Conversion: | TO BE DETERMINED |
| d. | Violation of Cal. B&P §17200 | TO BE DETERMINED |
| e. | Attorneys' fees: | TO BE DETERMINED |
| f. | Costs: | TO BE DETERMINED. |
| | | Total: $ 170,000.00 est. |

Defendant objects to Plaintiff's computation of the statutory damages as too general and cursory and therefore not compliant with the law.

**3. Jurisdictional Basis:**

The instant suit provides for federal question jurisdiction as well as jurisdiction based on diversity of the parties. Violations of two (2) federal telecommunications statutes (Title 47 USC Section 553, *et seq.*, and Title 47 USC Section 605, *et seq.*), are alleged in the Plaintiff's complaint. A common law count of Conversion and violation of California Business & Professions Code § 17200 are also set forth in the complaint. The Court has pendant jurisdiction of these claims.

Pursuant to Titles 47 U.S.C. Sections 553 and 605, *et seq.*, venue is proper in the United States District Court Northern District of California, because a substantial part of the alleged events or omissions giving rise to the claims occurred in this District.

**4. Parties Which Have Not Been Served or Have Not Answered:**

All parties have been served and all parties have answered.

**5. Statement of Whether Any Party Expects to Add Parties or Amend or Supplement Pleadings:**

The Plaintiff anticipates amending its Complaint at the conclusion of discovery to assert additional claims causes of action against the defendants.

Unless additional parties with liability for Plaintiff's injuries and losses are identified through discovery, the Plaintiff does not contemplate the joinder of additional parties to the instant action.

Defendant expects to amend her Answer to assert additional affirmative defenses, after discovery is conducted and depending on the Court's ruling on the Plaintiff's Motion to Strike Affirmative Defenses.

**6. List of Contemplated Motions:**

The Plaintiff will file a motion for summary adjudication at the conclusion of discovery. Defendant expects to file a cross-motion for summary judgment/adjudication.

**7. Suitability for Reference to a United States Magistrate Judge:**

The Plaintiff, not being agreeable to having this action heard by a magistrate judge, filed a declination and the case has consequently been reassigned.

**8. Status of Related Cases:**

To the Plaintiff's knowledge, there are no commercial signal piracy cases involving the instant defendant pending before the Northern District of California in the San Francisco Division

(or any other Court), at this particular time.

**9. Statement of When Parties Exchanged Federal Rule of Civil Procedure 26(a) Initial Disclosures:**

The Parties intend to exchange and serve their respective Rule 26 Initial Disclosures on or before April 15, 2011.

**10. Issues Relating to Disclosure or Discovery of Electronically Stored Information:**

At this time there are no issues relating to disclosure or discovery of electronically stored information.

**11. Issues Relating to Claims of Privilege or Work Product:**

The Parties are reviewing what, if any, information, evidence, or data may be precluded or protected from disclosure on the basis of privilege and or attorney work product.

**12. Necessary Discovery:**

**a. Extent, Nature, and Location of Discovery:**

The Parties anticipate propounding written discovery.  The Plaintiff also anticipates deposing the Defendant, along with each of the Defendant's personnel who were working on the night Plaintiff alleges its *Program* was broadcast at the Defendant's establishment.  Plaintiff also anticipates deposing each of the patrons that were inside Defendant's establishment on the night Plaintiff alleges its *Program* was unlawfully broadcast, along with Defendant's bookkeepers or accountants.  Plaintiff may also conduct a site inspection of the Defendant's cable and/or satellite transmission system, should technical issues arise involving reception of the Plaintiff's *Program*.

Defendant objects to the broad scope of written discovery and the number of depositions proposed by Plaintiff, as being unnecessary and over-burdensome, Defendant contends that the burden and expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, and the importance of the discovery in resolving the issues. Defendants propose that each party, at least initially, be permitted 25 interrogatories, 30 requests for admissions, 50 document requests and 5 depositions per side.

Defendants intend to depose percipient witnesses identified in Plaintiff's responses to interrogatories.

At this time, there is no outstanding discovery.

**b. Suggested Changes to the Discovery Limitations:**

1. The Plaintiff proposes that discovery not be limited, conducted in phases, or focused on one particular issue, and further propose that all discovery be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

2. The Defendants propose that discovery be limited as described in the preceding paragraph to 25 interrogatories, 30 requests for admissions, and 50 document requests per party, and 5 depositions per side.

**Hours Permitted for Each Deposition:**

The Parties propose each deposition be limited to three (3) hours in duration.

**13. Proposed Dates:**

    a. Completion of Fact Discovery:                    February 1, 2012

    b. Full and Complete Expert Disclosures:             March 1, 2012

    c. Deadline for Completion of all Expert Depositions:   April 15, 2012

    d. Deadline for Filing Dispositive Motions:            May 1, 2012

    e. Good Faith Settlement Discussions:               June 1, 2012

**14. Estimated Length of Trial and Any Suggestions for Shortening the Trial:**

The Parties believe a trial in this action could be conducted in two (2) to three (3) days. The Parties request that the trial be set to begin in August 2012. Plaintiff requests a bench trial and Defendant requests a jury trial.

**15. Prospects for Settlement:**

The Parties are hopeful that a reasonable settlement may be reached in this action. To that end, Defendant respectfully requests that a Settlement Conference be conducted by the assigned Judge or an independent magistrate judge within thirty (30) days after the Initial Case Management Conference.

Plaintiff, on the other hand, respectfully requests that a Settlement Conference be conducted by the assigned Judge or an independent magistrate judge thirty (30) days prior to the Final Pretrial Conference.

Respectfully submitted,

Date: March 24, 2011                    */s/ Thomas P. Riley*
                                        **LAW OFFICES OF THOMAS P, RILEY, P.C.**
                                        By: Thomas P. Riley
                                        Attorneys for Plaintiff
                                        J & J Sports Productions, Inc.

Respectfully submitted,

Date: March 24, 2011                    */s/ N. Maxwell Njelita*
                                        **NJELITA LAW OFFICES**
                                        By: N. Maxwell Njelita
                                        Attorney for Defendant
                                        Laura Sylvia Mendoza-Govan

///

///

///

///

///

///

///

///

///

///

///

**Case Management Order (Proposed)**

The Joint Case Management Conference Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the Parties are ordered to comply with this Order.

In addition the Court orders:

Dated: _____

**HONORABLE WILLIAM ALSUP**
United States District Court Judge
Northern California

///

///

///

///

///

///

///

///

///

///

///