1  N. Maxwell Njelita (SBN 200772)
   NJELITA LAW OFFICES
2  436 Fourteenth Street, Suite 1107
   Oakland, California 94612
3  Telephone:     (510) 465-7500
   Facsimile:     (510) 465-7501
4

5  Attorney for Defendant
   LAURA SYLVIA MENDOZA-GOVAN
6

7
                        **UNITED STATES DISTRICT COURT**
8
                       **NORTHERN DISTRICT OF CALIFORNIA**
9

10 J & J SPORTS PRODUCTIONS, INC.,        )  Case No.  C10-05123 WHA
                                          )
11                         Plaintiff,     )  **DEFENDANT'S MEMORANDUM OF**
                                          )  **POINTS AND AUTHORITIES IN**
12 vs.                                    )  **OPPOSITION TO MOTION TO STRIKE**
                                          )  **AFFIRMATIVE DEFENSES**
13                                        )
   LAURA SYLVIA MENDOZA-GOVAN             )
14 Individually and d/b/a KIMBALL'S SPORTS )  Date: April 28, 2011
   BAR a/k/a KIMBALLS CARNIVAL,           )  Time: 2:00 PM
15                                        )  Place: Courtroom 9, 19th Floor
                           Defendants.    )  Judge: Honorable William Alsup
16                                        )
                                          )
17

                                   **Introduction**
18
          Fed Rules Civil Proc., Rule 8(c) provides, "In responding to a pleading, a party must
19
   affirmatively state any avoidance or affirmative defense…." In 2007, the Supreme Court,
20
   departing from existing law, required that a *plaintiff* must allege "enough facts to state a claim to
21
   relief that is plausible on its face." Since then, there has been some debate among the courts
22
   whether affirmative defenses have to be pled with supporting facts; but neither the Ninth Circuit
23
   nor any other Circuit Courts of Appeals has applied this heightened standard to defenses.
24

25                                          1

1    In this case, plaintiff alleges generally that it was granted the exclusive nationwide

2  commercial distribution rights to the subject boxing match, and that defendant, with knowledge,

3  "did unlawfully intercept, receive, publish, divulge, display and/or exhibit the program at the

4  time of transmission at her commercial establishment in Oakland…." *Complaint ¶¶ 11- 14 (Dkt

5  No. 1)*. Plaintiff seeks compensatory, punitive and statutory damages, and attorney's fees and

6  costs. *Id., pp. 9- 10*. In her Answer, (Dkt. No. 6) defendant asserted several affirmative defenses.

7    Based on what plaintiff describes as a developing trend in the law, plaintiff contends that

8  all of defendant's affirmative must be stricken, without leave to amend, because the affirmative

9  defenses are insufficient.  Plaintiff's chief objections are that the affirmative defenses are

10  irrelevant; do not contain facts; and that some do not aver matters extraneous to plaintiff's prima

11  facie case.

12                                     **Legal Argument**

13    **A.    Legal Standards Applicable to Motion**

14    Federal Rule of Civil Procedure 12(f) provides that a "court may order stricken from any

15  pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous

16  matter." *Fed. R. Civ. Proc. 12(f)*.  Motions to strike are generally regarded with disfavor, but they

17  are proper when a defense is insufficient as a matter of law. *Kaiser Aluminum & Chemical Sales,*

18  *Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1057 (5th Cir. 1982); Fed. R. Civ. P. 12(f). To

19  determine that a defense is insufficient as a matter of law, "the court must be convinced that

20  there are no questions of fact, that any questions of law are clear and not in dispute, and that

21  under no set of circumstances could the defense succeed." *E.E.O.C. v. Interstate Hotels,* No. C

22  04-04092, 2005 U.S. Dist. LEXIS 45000, 2005 WL 885604, at *1 (N.D. Cal. Apr. 14, 2005).

23    Any part of a pleading may be stricken if it is immaterial. An "immaterial matter is that

24  which has no essential or important relationship to the claim for relief or the defenses being

25

pleaded." *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds,* 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994). Therefore, if the affirmative defense pleaded has no relation to the asserted claim for relief, it may be stricken as immaterial.

The notice pleading standard in the federal courts requires that an "Answer provide Plaintiffs with 'fair notice of the defense' in order to be procedurally sufficient." *Smith v. Wal-Mart Stores,* No. C 06-2069, 2006 U.S. Dist. LEXIS 72225, 2006 WL 2711468, at *9 (N.D. Cal. Sept. 20, 2006) (quoting *Wyshack v. City National Bank,* 607 F.2d 824, 827 (9th Cir. 1979)); Fed. R. Civ. P. 8(c).

In some cases, merely naming a particular defense will be sufficient to satisfy the notice pleading standard. *SecuriMetrics, Inc. v. Hartford Cas. Ins. Co.,* No. C 05-000917 CW, 2005 U.S. Dist. LEXIS 43533, 2005 WL 2463749, at *6 (N.D. Cal. Oct. 4, 2005) (denying motion to strike defense of third party where "Plaintiff does not establish that a third party's acts or omission could not possibly have contributed to Plaintiff's alleged losses") *and  Ocean Atlantic Woodland Corp. v. DRH Cambridge Homes, Inc.,* No. 02 C 2523, 2003 U.S. Dist. LEXIS 4964, 2003 WL 1720073, at *8 (N.D. Ill. Mar. 31, 2003) (denying motion to strike waiver defense because it depended on questions of fact).

The key to the sufficiency of a defense is notice: if, in naming a defense, the plaintiff is put on notice of defendant's intent to pursue such a defense, it is sufficiently pleaded. *Ganley v. County of San Mateo*, 2007 C06-3923, (N.D. March 22, 2007), U.S. Dist. LEXIS 26467.

In this case, defendant has attempted to put plaintiff on notice of the defenses that she intends to pursue. And, defendant should be given opportunity to prove his allegations if there is any possibility that defense might succeed after full hearing on merits. *Purex Corp. v. General Foods Corp.*, 318 F Supp 322.

---
MPA IN OPPOSITION TO MOTION TO STRIKE AFFIRMATIVE DEFENSES
Case No.  C10-05123 WHA

**B. The heightened pleading standards stated in *Twombly* and *Iqbal* should not be strictly applied to the pleading of affirmative defenses in this action, because (i) those two cases involved complaints not answers, (ii) the defenses put plaintiff on fair notice, and (iii) when defendant filed her Answer, she had not had an opportunity to conduct discovery and develop factual support for her affirmative defenses.**

Before 2007, the fair notice pleading standard was set forth in *Conley v Gibson*, 355 U.S. 41, 45-46, 78 C. Ct. 99, 2 L Ed. 2d 80 (1957) ("*Conley*"). Under *Conley*, the court was only permitted to dismiss claims for relief when "it appeared beyond doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." *Id*. However, in 2007, the Supreme Court, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (*Twombly)*, departed from the *Conley* standard, requiring that a *plaintiff* must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. While a plaintiff need not provide detailed factual allegations, he does need to allege the grounds for entitlement to relief beyond mere labels and conclusions. *Id*., at p. 555. In 2009, the Supreme Court, in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("*Iqbal*"), clarified *Twombly* holding that *Twombly* was based on its interpretation and application of Federal Rule of Civil Procedure.

Since 2009, courts have been left to decide whether *Twombly* and *Iqbal* apply to the pleading of affirmative defenses. And, notably, neither the Ninth Circuit nor any other Circuit Courts of Appeals has ruled on this issue; although some district courts presented with the issue have extended *Twombly's* heightened pleading standard to affirmative defenses.

Here, to the extent that this heightened standard urged by plaintiff requires that this defendant assert the factual bases for her affirmative defenses, the difficulty in applying this heightened standard to affirmative defenses is made even more difficult and, perhaps, unworkable, by two practical considerations: One, certain affirmative defenses not timely raised are waived; and two, at the early stages in a litigation when this defendant was required to file her Answer, she had not had any opportunity to conduct discovery or develop the facts to be

4

relied upon at trial. This is hardly the same with the plaintiff, who, when the complaint was filed, had more knowledge of the pertinent facts and is not required to plead the facts in great detail. In fact, a sophisticated plaintiff knows not to include in the complaint factual allegations that would aid defendants.

The more prevalent approach should be to broadly construe the notice pleading standard under the Federal Rules of Civil Procedure. Under this approach, the question is merely whether the pleading provides the plaintiff with sufficient notice of these defenses**.** *See, e.g., Bd. of Educ. of Thornton Tp. High Sch. Dist. 205 v. Bd. of Educ. of Argo Comm. High Sch. Dist. 217,* No. 06 C 2005, 2006 U.S. Dist. LEXIS 63169, 2006 WL 2460590, at *3 (N.D. Ill. Aug. 21, 2006); *Ocean Atlantic Woodland Corp. v. DRH Cambridge Homes, Inc.,* No. 02 C 2523, 2003 U.S. Dist. LEXIS 4964, 2003 WL 1720073, at *8 (N.D. Ill. Mar. 31, 2003). For these reasons, the liberal standard of fair notice should instead apply to the pled affirmative defenses.

**C. Applying the liberal standard of fair notice, defendant's affirmative defenses—first through twentieth—give adequate notice to plaintiff, are not insufficient, and do not contain redundant, immaterial, impertinent, or scandalous matter**.

First Affirmative Defense (No Exhibition to Commercial Patrons)

Federal Rule of Civil Procedure 8(c) requires the affirmative pleading of 19 separate defenses, and of "any matter constituting an avoidance or affirmative defense."The first affirmative defense avers that the Program was not shown to commercial patrons.  Although Paragraph 12 of the Complaint alleges that the Program was exhibited at defendant's "commercial establishment," the pleading does not allege that the Program was actually seen or watched by any commercial patron.  This defense thus involves a factual issue not alleged in the Complaint and one that avoids recovery, even if the facts alleged in the Complaint are true.

Third Affirmative Defense (Standing)

As a general matter, the pleading of an affirmative defense puts the plaintiff on notice that matters extraneous to his prima facie case are in issue and ordinarily allocates the burden of

5

1   proof on the issue. *Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262, citing

2   *Kouba v. Allstate Ins. Co.*, 691 F.2d 873 (9th Cir. 1982). Federal Rules also recognize a species

3   of facts which, although raising matters concerning alleged deficiencies in the plaintiff's prima

4   facie case, nevertheless must be pled by the defendant. *Fed. R. Civ. P. 9(a).* Capacity to sue is

5   one of such facts (*Id.*), as is standing. The issue of standing to maintain this action is relevant to

6   this case. See, e.g., *Kingvision Pay Per View v. Williams*, 1 F. Supp. 2d 1481 (licensee's case

7   dismissed for lack of standing under 47 USC § 553).

8         Fourth Affirmative Defense (Fault of Plaintiff and Others)

9         Defendant, after conducting discovery, may prove a set of facts indicating that the

10  plaintiff contributed to its own alleged losses. Given the posture of the case, disfavored status of

11  motions to strike and the liberal notice pleading standards of the federal courts, at least one

12  Northern District of California court (that defendant is aware of) has found, under similar

13  circumstances, that such a defense sufficiently put plaintiff on notice. *Ganley v. County of San*

14  *Mateo*, 2007 C06-3923, (N.D. March 22, 2007), U.S. Dist. LEXIS 26467.

15        Eighth Affirmative Defense (Estoppel, Waiver and Laches)

16        By asserting these defenses, defendant has put plaintiff on fair notice that defendant

17  intends to prove these defenses. Moreover, plaintiff has failed to demonstrate that defendant will

18  be unable to prove a set of facts to support this defense. Therefore, the eighth affirmative defense

19  is sufficient as a matter of law.

20        Fifteenth and Nineteenth Affirmative Defenses (Lack of Proper Service of Summons)

21        These defenses are waived if not timely asserted. And, like the others, these defenses

22  fairly put plaintiff on notice that defendant intends to prove that plaintiff did not serve process on

23  the defendant in the manner allowed under *FRCivP 4(e); California Code of Civil Procedure*

24  *§§415.10 and 415.20.*

25  *///*

1        <u>Seventeenth and Eighteenth Affirmative Defenses (Defenses to State Claims)</u>

2        Counts IV and V of the Complaint are California-law claims. The Seventeenth and

3   Eighteenth Affirmative Defenses, based on California Jury Instructions and Business &

4   Professions Code, are material, extraneous to the Complaint and also put plaintiff on fair notice.

5   **D.  If the Court grants the motion in any respect, it should be without prejudice.**

6        In *Howey v. United States*, 481 F.2d 1187, the Ninth Circuit observed that courts should

7   freely grant leave to amend when justice so requires. Thus, if a claim (or defense) is stricken,

8   leave to amend should be freely given when doing so would not cause prejudice to the opposing

9   party. *Wyshak*, supra, 607 F. 2d at 826.

10                               **Conclusion**

11       The Court should not strike defendant's affirmative defenses, because the defenses place

12  plaintiff on notice and are not insufficient or immaterial. Moreover, the legal issues presented in

13  the Complaint are substantial and disputed, there has been no discovery, and further facts must

14  be obtained before these issues can definitively be resolved. Besides, plaintiff has not

15  demonstrated that any of the affirmative defenses is so unrelated to Complaint's claim as to be

16  unworthy of any consideration as defense; nor has plaintiff shown that defendant cannot possibly

17  prove any set of facts to support the averred defenses.

18       However, if the Court decides to grant the motion in any respect, defendant prays that the

19  Court do so without prejudice.

20       Respectfully submitted,

21  Dated: April 6, 2011                    NJELITA LAW OFFICES

22                                          /s/ *N. Maxwell Njelita*
                                            N. MAXWELL NJELITA
23                                          Attorney for Defendant
                                            LAURA SYLVIA MENDOZA-GOVAN

24

25                                7

1

<u>PROOF OF SERVICE</u>

2

I, the undersigned, declare that I am employed in the County of Alameda, California. I

3

am over the age of eighteen (18) years and not a party to the within cause. My business address

4

is 436 Fourteenth Street, Suite 1107, Oakland, California 94612. I am readily familiar with this

law firm's practice of collecting and processing of mail in the ordinary course of business

5

6

On April 8, 2011, I served the within:

7

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

8

9

By placing a true copy thereof enclosed in a sealed envelope, with postage thereon fully

prepaid, in the United States mail at Oakland, California, addressed as shown below.

10

11

Thomas P. Riley, Esq.
Law Offices of Thomas P. Riley, P.C.

12

First Library Square
1114 Fremont Avenue

13

South Pasadena, California 91020-3227
*Telephone: (626) 799-9797*

14

*Facsimile: (626) 799-9795*
Attorneys for Plaintiff J & J Sports Productions, Inc.

15

16

I declare under penalty of perjury pursuant to the laws of the United States that the

17

foregoing is true and correct and that his declaration was executed on the 8th day of April 2011 at

Oakland, California.

18

/s/ *N. Maxwell Njelita*

19

N. Maxwell Njelita

20

21

22

23

24

25

MPA IN OPPOSITION TO MOTION TO STRIKE AFFIRMATIVE DEFENSES
Case No.  C10-05123 WHA