Thomas P. Riley, SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square
1114 Fremont Ave.
South Pasadena, CA 91030

Tel: 626-799-9797
Fax: 626-799-9795
TPRLAW@att.net

Attorneys for Plaintiff
J & J Sports Productions, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>LAURA SYLVIA MENDOZA-GOVAN, individually and d/b/a KIMBALL'S SPORTS BAR a/k/a KIMBALLS CARNIVAL,<br><br>Defendant. | Case No.: 3:10-cv-05123-WHA<br><br>PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES<br><br>Date: April 28, 2011<br>Time: 2:00 p.m.<br>Court: Courtroom 9, 19th Floor<br>Judge: Honorable William H. Alsup |

TO THE HONORABLE COURT, THE DEFENDANT AND HER ATTORNEYS OF RECORD:

Plaintiff J & J Sports Productions, Inc. (hereinafter "Plaintiff"), by and through counsel, hereby files this Reply to Defendant's Opposition to Plaintiff's Motion to Strike Defendant's Affirmative Defenses (hereinafter "Defendant's Opposition") (Docket No. 18). For the reasons set forth herein, as well as the reasons set forth in Plaintiff's Motion to Strike filed on March 10, 2011 and supporting documentation thereto, Plaintiff respectfully requests that its Motion to Strike Defendant's Affirmative Defenses be granted.

**REPLY ARGUMENT**

I. DEFENDANT'S OPPOSITION SHOULD BE DISREGARDED AND THE RELIEF SOUGHT BY PLAINTIFF SHOULD BE GRANTED AS DEFENDANT'S OPPOSITION WAS UNTIMELY UNDER THE LOCAL RULES OF THIS COURT.

As a preliminary matter, Defendant's Opposition is late. Plaintiff filed its Motion to Strike Defendant's Affirmative Defenses on March 10, 2011. At that time, a hearing was set for April 28, 2011. See (Docket No. 9).[1] Local Rule 7-3 of the Northern District of California requires that opposition papers be served and filed "not less than 21 days before the hearing date." Civil L.R. 7-3(a). Defendant did not serve or file her Opposition until April 8, 2011, (Docket No. 18), which is 20 days prior to the hearing. This late filing prejudice filed Plaintiff in that it shortened the time available to Plaintiff to file its Reply.

Pursuant to Local Rule 1-4, "Failure by counsel or a party to comply with any duly promulgated local rule or any Federal Rule may be a ground for imposition of any authorized sanction." Civil L.R. 1.4. Therefore, Plaintiff requests that Defendant's Opposition be disregarded.

II. EVEN IF THIS COURT IS INCLINED TO CONSIDER DEFENDANT'S OPPOSITION, THE ARGUMENTS IN OPPOSITION ARE INSUFFICIENT TO OVERCOME PLAINTIFF'S MOTION.

Defendant states that the "key to the sufficiency of a defense is notice." Defendant's Opposition at 3. Notice is a factor (though certainly not the only factor) to be considered in evaluating affirmative defenses; however, the key is that Plaintiff must be provided *fair* notice. Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979). While an "extensive exposition of the underlying facts" is not necessary for an affirmative defense to succeed, the Defendant

---

[1] Upon reassignment of this case to the Honorable William H. Alsup the time of the hearing was rescheduled from 8:00 a.m. to 2:00 p.m. (Docket No. 14). However, the hearing date remained April 28, 2011.

must establish some connection between the defense and the case. See Security People, Inc. v. Classic Woodworking, LLC, 2005 WL 645592, *2 (N.D.Cal. March 4, 2005).

As both parties note, the Ninth Circuit has not yet ruled on whether to apply the heightened pleading standard of Bell Atlantic v. Twombly, 550 U.S. 544 (2007), to affirmative defenses.  The Northern District, however, authored a detailed opinion on the issue that evaluated both sides of the argument and concluded that the Twombly standard does apply. Barnes v. AT & T Pension Benefit, 718 F.Supp.2d 1167, 1171-72 (N.D.Cal. 2010) ("the vast majority of courts presented with the issue have extended Twombly's heightened pleading standard to affirmative defenses," and "the reasoning of the courts that have applied the heightened pleading standard [is] persuasive."). More importantly, each argument raised by Plaintiff when addressing the individual defenses is addressed *irrespective* of Twombly.  Indeed, the recent cases on which Plaintiff relies did not address whether the Twombly standard was implicated, finding the defenses invalid even under pre-Twombly analysis. See e.g. G & G Closed Circuit Events, LLC v. Nguyen, 2010 WL 3749284, *2 (N.D.Cal. Sept. 23, 2010); J & J Sports Productions, Inc. v. Soto, 2010 WL 3911467, *1 (S.D.Cal. Sept. 28, 2010).

     A.    Defendant's Specific Arguments Misapply The Standards Applicable To Affirmative Defenses.

While Defendant raised twenty-one individual defenses, she makes specific arguments in support of only eight of them. See Defendant's Opposition at 5-7. Though Defendant states generally that her affirmative defenses "first through twentieth [] give adequate notice to plaintiff, are not insufficient, and do not contain redundant, immaterial, impertinent, or scandalous matter," Id. at 5, presumably if Defendant had specific arguments in favor of the

other defenses, she would have raised them.[2] Plaintiff replies herein to the specific defenses addressed by Defendant.

1. First Affirmative Defense (No Public Exhibition).

In support of this defense, Defendant claims that the Complaint only alleges that the Program was shown at a commercial establishment, but does not allege that the Program was shown to commercial *patrons.* Defendant's Opposition at 5. Even assuming *arguendo* this is true, this does not make Defendant's contention an "affirmative defense" but merely a defense to liability. An affirmative defense is a legal term of art, it is not a catch-all phrase designed to incorporate any defense to liability.

Next, Defendant's argument is insufficient under the law. While there are exceptions to liability for "private viewing", as noted by the Nguyen Court defense, "[t]he Communications Act explicitly defines 'private viewing' as viewing that takes place 'in an individual's dwelling unit.'" Nguyen, 2010 WL 3749284 at *4, quoting 47 U.S.C. § 605(d)(4). While the number of patrons may be an issue for damages, it is irrelevant to liability.

2. Second Affirmative Defense (Standing).

Defendant's argument in this section is nothing but a recitation of general standards of law and states that "[t]he issue of standing to maintain this actions is relevant to this case." Defendant's Opposition at 6. While capacity to sue generally is relevant to this case, it is relevant to *every* case. That does not make it a viable affirmative defense. Indeed, the Northern District has specifically held that it is not. Nguyen, 2010 WL 3749284 at *4.

Defendant's reliance upon Kingvision Pay Per View v. Williams, 1 F.Supp.2d 1481 (S.D.Ga. 1998) is severely misplaced and demonstrates a fundamental misunderstanding of the concept of "standing." Williams did not address the issue of standing (indeed the word

---

[2] It is unclear if Defendant is withdrawing her twenty-first affirmative defense, the "reservation of defenses", or if she does not consider that to be an affirmative defense.

"standing" does not appear in the opinion). See id. In <u>Williams</u> the district court granted summary judgment to Plaintiff under 47 U.S.C. § 605, finding that even though the Defendant had obtained a residential pay-per-view signal, she was still liable to Plaintiff. <u>Williams</u>, 1 F.Supp.2d at 1484-85. The Court concluded that because there was liability under 47 U.S.C. § 605, there could be no liability under 47 U.S.C. § 553. <u>Id.</u> at 1484. It is a complete misstatement of the holding to say that the section 553 claim was "dismissed for lack of *standing*."

        3.      Fourth Affirmative Defense (Fault of Plaintiff and Others).

This is another example of Defendant misunderstanding the nature of an affirmative defense. This is not an "affirmative defense," but merely a denial of an element of Plaintiff's cause of action. <u>Nguyen</u>, 2010 WL 3749284 at *5 (striking similar defense).

        4.      Eighth Affirmative Defense (Estoppel, Waiver and Laches).

Defendant's entire justification for this defense is that, "[b]y asserting these defenses, defendant has put plaintiff on fair notice that defendant intends to prove these defenses." <u>Defendant's Opposition</u> at 6. Defendant offers *no* facts in support of this defense either in her Answer or in her Opposition. As explained in Plaintiff's Motion, baldly naming a doctrine is not fair notice. <u>Qarbon.com Inc. v. eHelp Corp.</u>, 315 F.Supp.2d 1046, 1049 (N.D.Cal. 2004) ("A reference to a doctrine, like a reference to statutory provisions, is insufficient notice").

Defendant also states that Plaintiff "has failed to demonstrate that defendant will be unable to prove a set of facts to support this defense." <u>Defendant's Opposition</u> at 6. First, the burden of establishing the validity of an affirmative defense is on Defendant, not Plaintiff. More importantly, Plaintiff specifically addresses the components of estoppel, waiver and laches. <u>Plaintiff's Motion to Strike</u> at 8-11 (Docket No. 9). Defendant does not even attempt to counter these arguments.

    5.  Fifteenth and Nineteenth Defenses (Service of Process).

In support of these defenses, Defendant offers that the defenses are waived if not timely raised. While this is a true statement, it is not the end of the analysis. The Federal Rules of Civil Procedure do state that certain defenses are waived if not raised; however, they do not stand for the proposition that a bare bones assertion of them is sufficient. If this were the case, the entire jurisprudence related to affirmative defense would be irrelevant.

Defendant also states that this defense puts Plaintiff on notice that she intends to prove that service was insufficient. <u>Defendant's Opposition</u> at 6. Defendant has suggested that the notice standard should be applied liberally because she has not had an opportunity to address the facts of the case in as much detail as Plaintiff. <u>Id.</u> at 2-3. Defendant was served on January 14, 2011. (Docket No. 5) and certainly had sufficient time to come up with at least one fact in support of her contention that she was not served properly. The Answer, however, contains no such information. For that matter, neither does the Opposition filed on April 8, 2011 (filed almost three months after service).

    6.  Seventeenth and Eighteenth Defenses (State Claims).

In support of these defenses Defendant states, "[t]he Seventeenth and Eighteenth Affirmative Defenses, based on California Jury Instructions and Business and Professions Code, are material, extraneous to the Complaint and also put plaintiff on fair notice." <u>Defendant's Opposition</u> at 7. This is not an argument, it is a conclusion. Once again, these are not affirmative defenses, but denials of the elements of Plaintiff's causes of action. "[D]enials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses." <u>Nguyen</u>, 2010 WL 3749284 at *2.

III.     LEAVE TO AMEND WOULD BE FUTILE.

While leave to amend should be freely given if so warranted, it need to be where amendment would be futile. Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir.1994). Defendant has offered no practical explanation that she can cure her defenses.  Several defenses, such as those that simply deny elements of Plaintiff's causes of action or those that are invalid as a matter of law (e.g. the statute of limitations) are incurable. For those defenses that arguably might be curable (e.g. estoppel or laches), Defendant has not offered sufficient facts to suggest that these defenses are viable.

## **CONCLUSION**

For the reasons set forth herein, therefore, as well as for the reasons set forth in Plaintiff's Motion to Strike Defendant's Affirmative Defenses, Plaintiff respectfully requests that its Motion to Strike be granted without leave to amend.

Respectfully submitted,

Dated:  April 14, 2011

/s/  *Thomas P. Riley*
**LAW OFFICES OF THOMAS P. RILEY, P.C.**
By:  Thomas P. Riley
Attorneys for Plaintiff
J & J Sports Productions, Inc.

# **PROOF OF SERVICE**

I declare that:

I am employed in the County of Los Angeles, California. I am over the age of eighteen years and not a party to the within cause; my business address is First Library Square, 1114 Fremont Avenue, South Pasadena, California 91030. I am readily familiar with this law firm's practice for collection and processing of correspondence/documents for mail in the ordinary course of business.

On April 14, 2011, I served:

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES; MEMORANDUM OF POINTS AND AUTHORITIES.

On all parties referenced by enclosing a true copy thereof in a sealed envelope with postage prepaid and following ordinary business practices, said envelope was duly mailed and addressed to:

N. Maxwell Njelita, Esq.
NJELITA LAW OFFICES
436 Fourteenth Street, Suite 1107
Oakland, California 94612

I declare under the penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct and that this declaration was executed on April 14, 2011, at South Pasadena, California.

Dated: April 14, 2011          /s/ *Maria Baird*
                               MARIA BAIRD