1

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   J & J SPORTS PRODUCTIONS, INC.,                No. C 10-05123 WHA

11            Plaintiff,

12      v.                                          **ORDER (1) GRANTING**
                                                    **PLAINTIFF'S MOTION**
13   LAURA SYLVIA MENDOZA-GOVAN,                    **TO STRIKE AFFIRMATIVE**
     individually and d/b/a KIMBALL'S              **DEFENSES AND**
14   SPORTS BAR a/k/a KIMBALLS                      **(2) VACATING HEARING**
     CARNIVAL,
15
16            Defendant.
                                              /
17

18

19                                 **INTRODUCTION**

20        In this action for the unlawful interception and broadcast of a boxing match, plaintiff

21   moves to strike defendant's affirmative defenses.  For the reasons stated below, the motion

22   is **GRANTED**.

23                                  **STATEMENT**

24        Plaintiff J & J Sports Productions, Inc., is a California company.  It owns the exclusive

25   nationwide television distribution rights to *"Firepower": Manny Pacquiao v. Miguel Cotto, WBO*

26   *Welterweight Championship Fight Program*, which telecast nationwide on November 14, 2009.

27   Defendant Laura Sylvia Mendoza-Goven is the alleged owner and operator of Kimball's Sports

28   Bar, a/k/a Kimballs Carnival, in Oakland.

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1     Plaintiff alleges that on the date of the nationwide telecast of the program, defendant,

2   with willful knowledge that the program was not to be intercepted by an unauthorized entity,

3   intercepted and displayed the program at Kimball's Sports Bar.  In order to broadcast the

4   program, commercial establishments were required to enter into a subleasing agreement with

5   plaintiff.  The interstate transmission of the program was encrypted and was made available only

6   to plaintiff's customers who had paid the licensing fees.

7     Plaintiff commenced this action on November 12, 2010.  The complaint alleged four

8   claims for relief:  (1) violation of 47 U.S.C. 605; (2) violation of 47 U.S.C. 553; (3) conversion;

9   and (4) violation of California Business and Professions Code Section 17200.  Defendant

10   answered the complaint, alleging twenty-one affirmative defenses.  Plaintiff now moves to strike

11   all of defendant's affirmative defenses.  In support of its motion, plaintiff also requests that

12   judicial notice be taken of the pleadings in *J & J Sports Productions, Inc. v. Lowe*,

13   No. C-10-04201 (N.D. Cal. Mar. 3, 2011) (Breyer. J.).  Defendant does not object.  Plaintiff's

14   request is **GRANTED**, but only for the purpose of establishing the existence and contents of those

15   documents, not for the purpose of assuming the truth of the matters asserted therein.  *See In re*

16   *Bare Escentuals, Inc. Sec. Litig.*, No. C-09-3268, 2010 WL 3893622, at *11 (N.D. Cal.

17   Sept. 30, 2010) (Hamilton, J.).

18                                    **ANALYSIS**

19     A motion to strike an affirmative defense is allowable under Federal Rule of Civil

20   Procedure 12(f), under which a court may strike "from a pleading an insufficient defense or any

21   redundant, immaterial, impertinent, or scandalous matter."  An affirmative defense is

22   insufficiently pled if it does not give the plaintiff fair notice of the nature of the defense.  *Wyshak*

23   *v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).  *Twombly*'s heightened pleading standard

24   applies to affirmative defenses:

25           While neither the Ninth Circuit nor any other Circuit Courts of
             Appeals has ruled on this issue, the vast majority of courts
26           presented with the issue have extended *Twombly*'s heightened
             pleading standard to affirmative defenses.
27
28   *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171

     (N.D. Cal. 2010) (Patel, J.).  *Twombly* requires that a plaintiff allege "enough facts to state a claim

                                              2

to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). If an affirmative defense is stricken, leave to amend should be freely given when doing so would not cause prejudice to the opposing party. *Wyshak*, 607 F.2d at 826.

Rule 12(f) is a vehicle by which to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "While a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Barnes*, 718 F. Supp. 2d at 1170.

**1.     TIMELINESS OF OPPOSITION.**

Civil Local Rule 7-3(a) requires that opposition papers be served and filed "not less than 21 days before the hearing date." Here, defendant did not serve or file her opposition brief until April 8, 2011, which was 20 days before the hearing scheduled for April 28.

Plaintiff argues that the Court should not consider defendant's opposition because it was untimely served and filed. As plaintiff points out, Civil Local Rule 1-4 provides that "[f]ailure by counsel or a party to comply with any duly promulgated local rule . . . may be a ground for imposition of any authorized sanction." Imposing a sanction, however, is not necessarily equivalent to declining to consider the arguments raised in a brief. This order will consider defendant's arguments on their merits.

**2.     MERITS OF MOTION TO STRIKE.**

**A.     Affirmative Defenses Nos. 1, 2, 5, 6, 7, 17, and 18.**

Defendant's first affirmative defense alleges that "the *Program* was not exhibited or shown to patrons, the public or on a non-private-use basis" (Ans. 2). The second affirmative defense alleges that "plaintiff did not have an exclusive license for the *Program*" (*ibid.*). The fifth affirmative defense alleges that defendant "is not in violation of 47 USC §§ 605, et seq., 47 USC §§ 553, et seq. or California Business & Professions Code §§ 17200, et seq." (*id.* at 3). The sixth affirmative defense alleges that (1) defendant "has not engaged in any piracy, use of pirate firmware, illegal descramblers or black boxes, or illegal interception, receipt, publication,

**United States District Court**
For the Northern District of California

1  display, exhibition, transmission, or divulgence of the *Program*," and (2) "defendant is not a

2  broadcaster under 47 USC §§ 605, et seq. and 47 USC §§ 553, et seq." (*ibid.*).  The seventh

3  affirmative defense alleges that "plaintiff is not an aggrieved person as defined by 47 USC §§

4  605, et seq. and 47 U.S.C. §§ 553, et seq." (*ibid.*).  The seventeenth affirmative defense alleges

5  that plaintiff cannot recover for conversion because "plaintiff did not own, possess or have a right

6  to possess the *Program* (as defined by the Complaint); defendant did not intentionally take

7  possession or use of [*sic*] the *Program*; and plaintiff was not damaged by any conduct of

8  defendant" (*id.* at 5).  The eighteenth affirmative defense alleges that defendant "has not engaged

9  in any unfair business acts, conduct or practices; and has not received any profits, income,

10  monetary gain or commercial advantage as a result of the alleged conduct" in violation of

11  Section 17200 (*id.* at 6).  Defendant opposes only plaintiff's motion to strike the first,

12  seventeenth, and eighteenth defenses.

13      "Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which

14  deny plaintiff's right to recover, even if the allegations of the complaint are true.  In contrast,

15  denials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the

16  elements of his claims are not affirmative defenses." *G & G Closed Circuit Events, LLC v.*

17  *Nguyen*, No. 10-CV-00168, 2010 WL 3749284, at *5 (N.D. Cal. Sept. 23, 2010) (Koh, J.)

18  (internal quotation marks and citation omitted).  The first, second, fifth, sixth, seventh,

19  seventeenth, and eighteenth affirmative defenses deny allegations in the complaint.  They are

20  therefore denials of liability, rather than affirmative defenses.

21      In opposition to plaintiff's motion to strike the first affirmative defense, defendant argues

22  that although the "Complaint alleges that the Program was exhibited at defendant's 'commercial

23  establishment,' the pleading does not allege that the Program was actually seen or watched by any

24  commercial patron" (Opp. 5).  This argument is legally insufficient.  Although the number of

25  patrons who viewed the program is relevant for determining the amount of damages, it is

26  irrelevant for determining liability.

27      In opposition to plaintiff's motion to strike both the seventeenth and eighteenth

28  affirmative defenses, defendant argues that these defenses "are material, extraneous to the

4

United States District Court
For the Northern District of California

1   Complaint and also put plaintiff on fair notice" (*id.* at 7).  These conclusory arguments are

2   unconvincing.  Defendant does not point to why the seventeenth and eighteenth defenses are

3   material or how they put the plaintiff on fair notice.  Most importantly, defendant does not explain

4   how these defenses concern matters extraneous to the complaint, rather than being mere denials

5   of the allegations in the complaint.  Accordingly, plaintiff's motion to strike the first, second,

6   fifth, sixth, seventh, seventeenth, and eighteenth affirmative defenses is **GRANTED**.

                        **B.       Affirmative Defense No. 3.**

8          Defendant's third affirmative defense alleges that "plaintiff lacks legal standing

9   (contractual and statutory standing) to pursue claims for alleged exhibition of the Program or

10  bring this Complaint and the claims asserted therein against defendant" (Ans. 2).

11         The complaint alleges that plaintiff has exclusive distribution rights to the program, but

12  defendant unlawfully intercepted its transmission and displayed it without authorization.  Plaintiff

13  has therefore adequately alleged standing.  In addition, this defense does not provide plaintiff

14  with notice of how it is applicable to this case, as defendant does not supply any supporting facts

15  showing how plaintiff lacks standing.  *Cf. J & J Sports Prods., Inc. v. Montanez*,

16  No. 1:10-cv-01693, 2010 WL 5279907, at *3 (E.D. Cal. Dec. 13, 2010).

17         Defendant argues that (1) "the pleading of an affirmative defense puts the plaintiff on

18  notice that matters extraneous to his prima facie case are in issue and ordinarily allocates the

19  burden of proof on the issue," (2) standing, as well as the capacity to sue, is a "species of fact

20  which, although raising matters concerning alleged deficiencies in the plaintiff's prima facie case,

21  nevertheless must be pled by the defendant," and (3) the issue of standing is relevant to this case,

22  citing *Kingvision Pay Per View, Ltd. v. Williams*, 1 F. Supp. 2d 1481 (S.D. Ga. 1998) (Opp. 5–6).

23  These first two arguments are simply general statements of the law.  In addition, all three

24  arguments do not speak to whether plaintiff has standing to bring this action.  Defendant's

25  citation to *Kingvision Pay Per View* is also inapposite, because that case did not involve the issue

26  of standing.  As explained above, plaintiff has adequately alleged standing.  Accordingly,

27  plaintiff's motion to strike the third affirmative defense is **GRANTED**.

28

                                              5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California

### C.    Affirmative Defense No. 4.

Defendant's fourth affirmative defense states that any "losses and damages [suffered by plaintiff] were proximately caused or contributed to by conduct not attributable to defendant; such losses or damages were caused by the conduct of plaintiff and others" (Ans. 2).

This defense is not pled with sufficient particularity to give plaintiff fair notice of its basis. Defendant does not indicate who, besides defendant, may have caused plaintiff's damages.  In addition, she does not indicate what conduct by plaintiff or third parties allegedly caused the damages.  *Cf. Nguyen*, 2010 WL 3749284, at *2 (finding the defense of "superseding acts of third persons" to be insufficiently pled because the defendants did not identify any superseding acts of third persons).

Defendant argues that after conducting discovery, she "may prove a set of facts indicating that the plaintiff contributed to its own alleged losses" (Opp. 6).  In support of this argument, defendant points to *Ganley v. County of San Mateo*, No. C06-3923, 2007 U.S. Dist. LEXIS 26467 (N.D. Cal. Mar. 22, 2007) (Henderson, J.), in which the court found a similar defense to be sufficiently pled.  *Ganley*, however, was decided in March 2007, before *Twombly* established a heightened pleading standard in May 2007.  Accordingly, plaintiff's motion to strike the fourth affirmative defense is **GRANTED**.

### D.    Affirmative Defense No. 8.

Defendant's eighth affirmative defense alleges that "plaintiff's claims are barred by the equitable doctrines of estoppel, waiver and laches" (Ans. 3).

This defense is insufficient because plaintiff is not given fair notice of how these doctrines apply to this case.  That is, defendant only refers to these equitable doctrines, and does not provide any supporting facts.  *Cf. Nguyen*, 2010 WL 3749284, at *3 (striking the affirmative defenses of "waiver" and "estoppel doctrine" as insufficient because they "each amount[] to the bare statement of a legal doctrine lacking any articulated connection to the claims in this case").

Defendant argues that "plaintiff has failed to demonstrate that defendant will be unable to prove a set of facts to support this defense" (Opp. 6).  The burden of proof for affirmative

1  defenses, however, is on the defendant, not the plaintiff.  *See* Fed. R. Civ. P. 8(c).  Accordingly,

2  plaintiff's motion to strike the eighth affirmative defense is **GRANTED**.

3  **E.      Affirmative Defense No. 9.**

4       Defendant's ninth affirmative defense alleges that the claims are "barred by the applicable

5  statutes of limitations under California law and federal law" (Ans. 3).  Defendant does not oppose

6  plaintiff's motion to strike this defense.

7       The statute of limitations for violations of Sections 553 and 605 is one year.  *DirecTV,*

8  *Inc. v. Webb*, 545 F.3d 837, 847–48 (9th Cir. 2008).  In California, the statute of limitations for

9  conversion is three years.  CAL. CIV. PROC. CODE § 338(c).  The statute of limitations for

10  violations of Section 17200 is four years.  CAL. BUS. & PROF. CODE § 17208.  The program was

11  broadcasted on November 14, 2009, and the complaint was filed less than a year later on

12  November 12, 2010.  This defense is insufficient as pled.  Defendant does not allege any theory or

13  facts giving plaintiff notice of how the claims are outside the applicable statutes of limitations,

14  despite the allegations in the complaint.  *Cf. Montanez*, 2010 WL 5279907, at *3.  Plaintiff's

15  motion to strike this affirmative defense is therefore **GRANTED**.  This order, however, declines to

16  find that plaintiff's claims are definitively timely under the applicable statutes of limitations.

17  **F.      Affirmative Defense No. 10.**

18       Defendant's tenth affirmative defense alleges that "statutory exceptions under

19  47 USC §§ 605(a), 605(b), et seq., apply to bar plaintiff's claims against defendant" (Ans. 4).

20  Defendant does not oppose plaintiff's motion to strike this defense.

21       The Communications Act provides a statutory exception for "private viewing."

22  47 U.S.C. § 605(b) ("The provisions of subsection (a) of this section shall not apply to the

23  interception or receipt by any individual, or the assisting (including the manufacture or sale) of

24  such interception or receipt, of any satellite cable programming for private viewing.").  "Private

25  viewing" is defined as viewing that takes place "in an individual's dwelling unit."

26  47 U.S.C. 605(d)(4).

27       Here, plaintiff's claims relate only to the viewing of the program that allegedly took place

28  in Kimball's Sports Bar, a commercial establishment (Compl. ¶ 12).  The argument that Kimball's

Sports Bar is a private residence rather than a commercial establishment is a denial of liability rather than an affirmative defense. *See Nguyen*, 2010 WL 3749284, at *5 ("[D]enials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses."). Plaintiff's motion to strike the tenth affirmative defense is therefore **GRANTED**.

### G.     Affirmative Defense No. 11.

Defendant's eleventh affirmative defense alleges that Defendant's conduct

> was neither willful nor for financial gain or commercial advantage;
> rather, any such conduct was for based on a single subscriber
> reception, for which defendant received no payments, was for
> private use, was innocent and was without intent to violate any laws,
> injure plaintiff or any other entity or gain commercial advantage
> over plaintiff or other entity or person.

(Ans. 4). Defendant does not oppose plaintiff's motion to strike this defense.

To the extent that this affirmative defense alleges ignorance of the law, it is not a defense to liability, as explained below. To the extent that this defense alleges that the interception of the program was for private use, it is a denial of liability rather than an affirmative defense, as explained above. Accordingly, plaintiff's motion to strike the eleventh affirmative defense is **GRANTED**.

### H.     Affirmative Defense No. 12.

Defendant's twelfth affirmative defense states that "plaintiff fails to state facts sufficient to constitute a claim for relief against answering defendant" (*ibid.*). Defendant does not oppose plaintiff's motion to strike this defense.

"Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [the plaintiff's] prima facie case." *Barnes*, 718 F. Supp. 2d at 1174. Accordingly, plaintiff's motion to strike the twelfth affirmative defense is **GRANTED**.

### I.     Affirmative Defense No. 13.

Defendant's thirteenth affirmative defense alleges that "defendant acted in a good faith belief in the propriety of her actions; and was not aware and had no reason to believe that her acts constituted a violation of these sections — warranting a reduction of any damages award against defendant" (Ans. 4). Defendant does not oppose plaintiff's motion to strike this defense.

United States District Court
For the Northern District of California

8

"[I]gnorance of the law will not excuse any person, either civilly or criminally." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1611 (2010) (internal quotation marks omitted).  Defendant's thirteenth affirmative defense is in effect an "ignorance of the law" defense.  This is not a defense to liability.  *Cf. J & J Sports Prods., Inc. v. Enedina Soto*, No. 10CV885, 2010 WL 3911467, at *2 (S.D. Cal. Sept. 28, 2010) (striking a "mistake of law" affirmative defense because "even if Defendants can show they did not know they were violating the law, their liability is not excused").  Defendant is correct that if it is later found that defendant acted unknowingly, damages under Section 553 or Section 605 may be reduced.  47 U.S.C. §§ 553(c)(3)(C); 605(e)(3)(C)(II)(iii).  This point is irrelevant, however, for determining liability.  Accordingly, plaintiff's motion to strike the thirteenth affirmative defense is **GRANTED**.

### J.    Affirmative Defense No. 14.

Defendant's fourteenth affirmative defense alleges that "there are no legal, factual or equitable bases for an award of attorney's fees in plaintiff's favor and against defendant" (Ans. 5).  Defendant does not oppose plaintiff's motion to strike this defense.

As this defense seeks to limit the award of attorney's fees, it should be stricken:

> The award of attorney's fees does not act to preclude a defendant's liability even if a plaintiff proves all of the required elements of the cause of action.  Typically, attorneys' fees are collateral to the merits of a cause of action and are awarded after judgment pursuant to Federal Rule of Civil Procedure 54(d)(2).

*Barnes*, 718 F. Supp. 2d at 1174.  Accordingly, plaintiff's motion to strike this affirmative defense is **GRANTED**.

### K.    Affirmative Defenses Nos. 15 and 19.

Defendant's fifteenth affirmative defense alleges that "service of process was insufficient, in that plaintiff did not serve the summons on defendant as required by applicable law" (Ans. 5).  The nineteenth affirmative defense alleges that "the Court lacks personal jurisdiction over defendant, because of plaintiff's failure to properly serve the summons on defendant" (*id.* at 6).

United States District Court

For the Northern District of California

9

Plaintiff has filed a signed return of service indicating that defendant was properly served by substitute service on January 14, 2011 (Docket No. 5). "A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *SEC v. Internet Solutions for Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007) (internal quotation marks omitted). At this time, defendant has not presented any facts that could overcome this presumption of valid service.

Defendant argues that (1) "[t]hese defenses are waived if not timely asserted," and (2) "these defenses fairly put plaintiff on notice that defendant intends to prove that plaintiff did not serve process on the defendant in the manner allowed under *FRCivP 4(e); California Code of Civil Procedure §§415.10 and 415.20*" (Opp. 6). These arguments miss the point, as they do not refute the fact that defendant failed to present evidence that could overcome the presumption of valid service created by the signed return of service. Accordingly, plaintiff's motion to strike the fifteenth and nineteenth affirmative defenses is **GRANTED**.

### L.        Affirmative Defense No. 16.

Defendant's sixteenth affirmative defense alleges that "plaintiff is subject to sanctions pursuant to Federal Rules of Civil Procedure, rule 11, because the complaint is unsupported by the facts or the law and is prosecuted merely as harassment. Furthermore, the Complaint was brought without reasonable care and without a good faith belief that there was a justifiable controversy under the facts and the law" (Ans. 5). Defendant does not oppose plaintiff's motion to strike this defense.

"An affirmative defense is a defense, not a claim for affirmative relief." *Doyle v. Ill. Cent. R.R. Co.*, No. CV F 08-0971, 2008 WL 4838556, at *3 (E.D. Cal. Nov. 5, 2008). A statement that defendant will seek Rule 11 sanctions against plaintiff is a claim for affirmative relief, not an affirmative defense. Plaintiff's motion to strike the sixteenth affirmative defense is therefore **GRANTED**.

United States District Court

For the Northern District of California

**M.    Affirmative Defense No. 20.**

Defendant's twentieth affirmative defense alleges that "plaintiff cannot recover under both Count I and Count II of the Complaint, because it is practically impossible to have, in the alleged one occurrence both a violation of the Cable law (*47 USCS §553*) and satellite law (*47 USCS § 605*) in one transaction.  Plaintiff must elect its remedy" (Ans. 6).  Defendant does not oppose plaintiff's motion to strike this defense.

Defendant is correct that plaintiff may not recover under both Section 553 and Section 605 for a single violation.  *J & J Sports Prods., Inc. v. Manzano*, No. C-08-01872, 2008 WL 4542962, at *2 (N.D. Cal. Sept. 29, 2008) (Whyte, J.) ("A signal pirate violates section 553 if he intercepts a cable signal, he violates section 605 if he intercepts a satellite broadcast.  But he cannot violate both by a single act of interception.").  In the pleadings, however, "[a] party may state as many separate claims or defenses as it has, regardless of consistency."  Fed. R. Civ. P. 8(d)(3).  Plaintiff's motion to strike the twentieth affirmative defense is therefore **GRANTED**.

**N.    Affirmative Defense No. 21.**

Defendant's twenty-first affirmative defense alleges that "defendant respectfully reserves her rights to amend, supplement or state additional affirmative defenses, if the factual bases for stating such additional defenses are obtained in discovery" (Ans. 6).  Defendant does not oppose plaintiff's motion to strike this defense.

"An attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself.  Instead, if at some later date defendant[] seek[s] to add affirmative defenses, [she] must comply with Rule 15 of the Federal Rules of Civil Procedure."  *Solis v. Zenith Capital, LLC*, No. C-08-4854, 2009 WL 1324051, at *7 (N.D. Cal. May 8, 2009) (Hamilton, J.).  Accordingly, plaintiff's motion to strike the twenty-first affirmative defense is **GRANTED**.

### CONCLUSION

For the foregoing reasons, the motion to strike is **GRANTED**.  All of the affirmative defenses are **STRICKEN**.  Defendant may seek leave to amend the answer and will have **FOURTEEN CALENDAR DAYS** from the date of this order to file a motion, noticed on the

normal 35-day calendar, for leave to file an amended answer.  A proposed amended answer must

be appended to the motion.  The motion should clearly explain how the amendments to the

answer address the problems with defendant's affirmative defenses identified in this order.  As to

each affirmative defense struck on the ground that it is merely a denial of an element of proof

placed by the law on plaintiff, plaintiff must be mindful to eventually prove up said element.  The

hearing scheduled for April 28, 2011 is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: April 25, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE